EMMA B. RANSIER, Administratrix, vs. MINNEAPOLIS & ST. LOUIS RAIL-
WAY COMPANY.

February 13, 1883.

Negligence — Railroads — Incompetent Evidence. — A recovery being
sought against a railroad company, on the grounds only that it employed
an engineer who was old, near-sighted, and unacquainted with the road,
and by reason of such defects incompetent, and that a brake upon one
of its cars was defective, which incompetency and defect are alleged to
have caused the injury complained of, it was error to have allowed proof
of the fact that, after the accident complained of had occurred, such engi-
neer ran his train (freight) without a brakeman a distance of several
miles, and ran the engine off the track. Certain evidence excluded by the
court on cross-examination *held* to have been admissible.

Appeal by defendant from an order of the district court for Ram-
sey county, *Simons*, J., presiding, refusing a new trial.

*J. D. Springer* and *O'Brien & Wilson*, for appellant.

*O'Brien, Eller & O'Brien*, for respondent.

DICKINSON, J.*   Albert H. Ransier, while engaged as conductor of
a freight train on defendant's road, was killed in a collision between
two parts of his train, on a trip from Minneapolis to Albert Lea.
The action is prosecuted by the administratrix of his estate, to re-
cover upon the statutory liability.   The alleged liability of the defend-
ant rests upon the grounds that the engineer employed by it upon the
locomotive of the train was incompetent and unfit for the place, by
reason of old age, near-sightedness, and unacquaintance with the
road, and that, because of such incompetency, he ran the train at a
too great rate of speed; and further, that one of the brakes on the
train was defective.   These two causes are alleged to have caused
the accident and the death of the deceased.   No other ground of
recovery is shown in the complaint.

Upon the trial the plaintiff was allowed to prove, against defend-
ant's objection, that, after the occurrence of the accident in which

*Gilfillan, C. J., because of illness, took no part in this case.

Ransier was fatally injured, and while he remained in one of the wrecked cars of the train, the engineer, with 10 or 12 cars, and without any brakeman, ran on to Albert Lea, a distance of some three miles, and in returning ditched his engine. This evidence was not admissible in proof of any issue raised by the pleadings, and was of a nature to prejudice the defendant. Though it may have tended to show negligence on the part of the engineer after the occurrence of the accident complained of, it was not proof of old age, defective vision, or ignorance of the road. We think the error such that a new trial must be granted.

A question is raised as to the admissibility of evidence that the road-bed in general, and not merely at the place of the accident, was in bad condition; but such of this evidence as could have affected the result of the trial was not so objected to as to make it error to have received it. However, with reference to a future trial, we will say that, in our opinion, the evidence was not admissible. The fact referred to is not an alleged ground of recovery, nor is it relevant to the issue.

One of the brakemen on this train having testified as a witness on the part of the plaintiff that, at the place where the accident occurred, the train was running "about as fast as it could go," and that trains (speaking generally) "go slow down there—a medium gait," the witness was asked, on cross-examination, if it was not customary, on trains on which he was employed, to run with considerable speed at that point to overcome the grade. The answer was excluded. We think this was proper cross-examination, and the answer should have been received. We find no other error in the record.

Order reversed, and a new trial ordered.