PETER MARTIN *vs.* NORTH STAR IRON WORKS.

January 14, 1884.

**Negligence — Proximate and Remote Cause — Contributory Negligence.** — Defendant negligently piled a quantity of smoke-stacks and other material near the track of the Minneapolis Eastern Railway Company. A train of cars coming along, one of the cars caught one of the stacks, pushed it against a tower in which the plaintiff was stationed in his employment of signaling trains, and he was injured. *Held,* that whether so piling the smoke-stacks, etc., was an act of negligence as to plaintiff, was, under the circumstances, a question for the jury; that, so far as defendant is concerned, negligence *in law* is not to be attributed to either the railroad company or to the plaintiff, merely because, knowing of the danger to passing trains from the pile of smoke-stacks, etc., the former continued to run its trains, and the latter continued in his employment of signaling trains.

Appeal by defendant from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial after a verdict of $1,000 for plaintiff.

*Fred Hooker* and *F. B. Hart,* for appellant, cited *Ryan* v. *N. Y. Cent. R. Co.,* 35 N. Y. 210; *Pennsylvania R. Co.* v. *Kerr,* 62 Pa. St. 353; *Fent* v. *Toledo, etc., Ry. Co.,* 59 Ill. 349; *Milwaukee & St. Paul Ry. Co.* v. *Kellogg,* 94 U. S. 469; *Beach* v. *Ranney,* 2 Hill, 314; *Marble* v. *City of Worcester,* 4 Gray, 395; *Holly* v. *Boston Gas-Light Co.,* 8 Gray, 123; *Brown* v. *Milwaukee & St. Paul Ry. Co.,* 22 Minn. 165; *Folsom* v. *Town of Underhill,* 36 Vt. 580; *Gribble* v. *City of Sioux City,* 38 Iowa, 390.

*Merrick & Merrick,* for respondent.

GILFILLAN, C. J.    The defendant caused to be piled a large num-ber of smoke-stacks, boilers, and other material along-side of and very near the track used by the Minneapolis Eastern Railway Com-pany, on or along River street, in the city of Minneapolis.    The plain-tiff was employed in signaling railroad trains, and for that purpose was stationed in a tower standing on posts beside the track, and about 100 feet distant from the pile of smoke-stacks, boilers, etc.    A train of cars coming along, one of them, by reason of the proximity to the track of said pile of smoke-stacks, etc., caught and became at-tached to, and pushed along the surface of the ground, one of the smoke-stacks, against the stairway leading up into the tower, careen-ing the tower in such manner as apparently to endanger the life of plaintiff, then employed in it signaling trains, and he, to escape, leaped from the tower to the ground, and thereby was injured.    To recover for such injury this action is brought.    The trial below re-sulted in a verdict for the plaintiff.    The jury found, of course, that it was negligence in defendant to pile the smoke-stacks, boilers, etc., in the manner in which they were piled, so near the track, and we do not understand that any exception is taken here to that finding. The questions made here are : Was there negligence as to the plain-tiff ?  If so, was it the proximate cause of the injury ?  Was there con-tributory negligence on the part of plaintiff ?

The first of these was, under the circumstances, certainly a ques-tion for the jury.    If piling the material near the track was a negli-gent act, it was negligence not only as to the railroad company, whose property and trains might be endangered thereby, but also as to all persons who might probably be put in danger from its probable con-sequences.    If the material was so piled as to create a danger, such as an ordinarily prudent person might foresee, that the material would be caught and pushed along in a dangerous manner, so piling it was an act of negligence as to all who might usually be within the reach of the consequences that might be apprehended.    It is none the less so because the railroad company was more likely than they to suffer from it.    It was for the jury to say whether an ordinarily prudent person would have foreseen that so piling the material made liable to happen the very things that did happen, to wit, that a passing

train should catch and push or carry the material against the tower, so as to endanger any one stationed in it.

That defendant's negligence was not the proximate cause of the injury is claimed from the rule that where an independent, efficient, wrongful cause intervenes between the original wrongful act and the injury ultimately suffered, the former and not the latter is deemed the proximate cause of the injury. It is claimed that negligence of the railroad company intervened between that of defendant and the injury to plaintiff, and that but for such negligence the injury would not have happened.

The imputation of negligence to the railroad company is made on the same propositions of fact and the same line of reasoning as those on which negligence is attributed to plaintiff, and the two may be considered together. The fact that the smoke-stacks, boilers, etc., were piled near the track, and the manner in which they were so piled, appear to have been known for some weeks, both to the railroad company and to the plaintiff, and it is urged that if the presence of the piles made it dangerous to run the trains, as the company had the same knowledge of it that defendant had, it was negligence in law on the part of the company to continue running them; and if the presence of the piles and the running of the trains endangered one employed in the tower, as the plaintiff had the same knowledge of it that defendant had, it was negligence in law on his part to continue there employed. To put the argument in the shape of a general proposition, it amounts to this: If one by negligence makes it permanently dangerous to another to continue in a lawful employment, or in the lawful use and occupation of his property, the law will attribute to the latter, if he so continue, the consequences of the negligence of the former, so as to prevent recovery in case of injury from the negligence. The proposition needs no answer. It is true that, when the catastrophe comes, the law will not excuse one for unnecessarily putting himself in the way of it, nor for heedlessly neglecting present apparent means to avert it; but, as said by this court in *Schell* v. *Second Nat. Bank,* 14 Minn. 34, (43,) "it is undoubtedly true that a man cannot be driven from the use of his own property by the acts or negligence of his neighbor. He may use and occupy

his own property, and, although it may be in an exposed condition, that does not absolve his neighbor from the exercise of proper care."

There was no negligence *in law* on the part of plaintiff or the railroad company that can be alleged by this defendant.

Order affirmed.

MITCHELL, J., *concurring.* In view of the undisputed fact that the railroad company knew that these smoke-stacks were in dangerous proximity to its track, I think it was guilty of negligence in running its trains without first causing these obstructions to be removed. But still, the negligence of defendant in placing these obstructions so near the track was the proximate cause of plaintiff's injury, although it would not have occurred but for the succeeding negligence of the railroad company. It was simply a case of the concurrent or successive negligence of two persons, combined together, resulting in an injury to a third person, for which he may recover damages from the one guilty of the first wrong, notwithstanding the succeeding negligence of the other united in producing the injury. *Burrows* v. *March Gas & Coke Co.,* L. R. 5 Exch. 67; *Illidge* v. *Goodwin,* 5 C. & P. 190; *Byrne* v. *Wilson,* 15 Ir. C. L. 332; *Pastene* v. *Adams,* 49 Cal. 87; *Ricker* v. *Freeman,* 50 N. H. 420. On this ground I concur in the decision of the case.