## MOSES JOHNSON v. CENTRAL VT. RAILROAD COMPANY.

### *Evidence. Expert. Opinion. Presumption. Master and Servant.*

1. In action to recover for injuries claimed to have been caused by the negligence of the defendant's servant, a physician, who had examined the plaintiff on three different occasions, was asked, "From what you have known of his case heretofore, and what you have learned of his condition here to-day, what do you say about his being able to do heavy work, and hard work?" and answered, "I don't think it would be prudent for him to do hard work;" and again, to the question, "What is your opinion about his arm having been broken?" answered, "My opinion is that it was broken." *Held*, admissible.
2. It is not sufficient for the master to give proper instructions to his servant to avoid liability; but he must also see that they are obeyed.
3. It is presumed that a witness followed the directions given by the court.

CASE for the negligence of the defendant's servants. Trial by jury, March Term, 1883, ROWELL, J., presiding. Verdict for the plaintiff. The court charged:

" It is immaterial to the master's liability that the servant at the time was neglecting to follow some rule of action that the master had given him, and the injury that actually resulted is attributable to the servant's failure to observe the direction given him. In other words, it is not sufficient for the master to give proper directions ; he must also see that they are obeyed."

*E. L. Waterman,* for the defendant, cited on the question that the evidence was not admissible: *Wetherbee* v. *Wetherbee,* 38 Vt. 454 ; *Dickinson* v. *Barber,* 9 Mass. 227 ; *Fairchild* v. *Bascomb,* 35 Vt. 399.

*H. F. Wolcott, J. G. Eddy,* and *L. M. Reed,* for the plaintiff, cited 1 Greenl. Ev. s. 4 ; *Cram* v. *Cram,* 33 Vt. 15 ; *Poultney* v. *Glover,* 23 Vt. 328 ; *Bradley* v. *Pratt,* 23 Vt. 378 ; *Green* v. *Donaldson,* 16 Vt. 162 ; *Beard* v. *Murphy,* 37 Vt. 99 ; *Oaks* v. *Oaks,* 27 Vt. 410.

The opinion of the court was delivered by

ROYCE, Ch. J.   The injury, that the plaintiff claimed to recover for in this action, was occasioned, as he claimed, in consequence of the negligence and want of care of the defendant's servants. The plaintiff improved Dr. Ray as a witness. Dr. Ray visited him once the next day after the injury, and again about two weeks after that, and examined him at the trial and before testifying.    No question was made but what he was qualified to testify as an expert.   He was asked, "From what you have known of his case heretofore, and what you have learned of his condition here to-day, what do you say about his being able to do heavy work? "   He was permitted to answer the questions, subject to the defendant's exceptions.   It is claimed the question was legally objectionable, because it called for an opinion based upon what he might have heard of his condition, and hence could not have been found wholly upon his own knowledge.   The obvious and natural construction that would be put upon the language of the question would be, that he was required to give an opinion based

Johnson *v.* Central Vt. R. R. Co.

upon what he had learned of his condition at the examinations that he had testified he made. And we have no doubt the doctor so understood it.

The physical ability of a party, claiming to have been injured, to labor, is a matter that experts are allowed to express an opinion upon. The capacity to labor is one of the tests that the law allows as tending to show the nature and extent of the injury.

The doctor was asked what his opinion was as to the plaintiff's arm having been broken. It is claimed that the question should have been so qualified as to have, in terms, called for an opinion based upon the examinations made by him. Before the question was answered, the doctor had been informed by the court that he could state what he saw and heard, and upon that he could give his professional opinion. The presumption is, that he followed the directions given by the court, and it was not error to permit the question to be answered.

The only exception taken to the charge, that is now insisted upon, is, that there was no evidence justifying what was said by the court upon the subject of master and servant. Very little of the evidence is detailed in the exceptions, but from the nature of the case and what it is said the evidence tended to show, it would appear that the court was called upon to instruct the jury, how far and under what circumstances a master could be made liable for the acts of his servants.

We perceive no error in the instructions given, and the judgment is affirmed.