EMMA B. RANSIER, Administratrix, *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

July 21, 1884.

Master and Servant—Railroad Company—Negligence—Unsafe Machinery as Proximate Cause — Evidence.— In the operation of a freight train in the night, the train broke apart, and the forward part of the train, being afterwards stopped, was run into by the detached rear cars, including the caboose, and the conductor, who was in the caboose, was killed by the collision. Evidence considered as showing that the immediate cause of the breaking apart of the train was the letting off of a brake on one of the rear cars from the jar of the car in its motion, the brake being so worn that it would not remain wound up when the car was in motion. The fact that a sudden increase of the speed of the locomotive may have contributed with the defective brake to cause the train to break apart, does not prevent the defective brake being deemed a legal and proximate cause of the result. Considered further, that the stopping of the forward part of the train, and the subsequent collision and injury, may be referred to the defective brake as a proximate cause, within the principle that a wrong-doer is responsible for injuries which might reasonably have been anticipated as a result of his misconduct.

Same—Use of Unsafe Machinery—Injury to Fellow-Servant.—The use by a servant of defective and unsafe machinery, delivered to him for use by the master, although the servant may have been guilty of negligence in using it, does not relieve the master from responsibility to a fellow-

servant injured thereby on account of the unsafe condition of the ma-
chinery furnished.

Same—Conductor of Freight Train—Inspection of Cars.—There is no
legal presumption that it is the duty of the conductor of a railway freight
train to inspect the cars and machinery of his train, or that he is charge-
able with negligence for using unsafe cars if the defect was such that
it might have been discovered by inspection.

Appeal by defendant from an order of the district court for Ram-
sey County, *Simons*, J., presiding, refusing a new trial, after a verdict
of $5,000 for plaintiff.   The action was brought, under the statute,
for damages for injuries causing the death of plaintiff's intestate.

*J. D. Springer*, for appellant.

*O'Brien, Eller & O'Brien*, for respondent.

Dickinson, J.   The decision upon a former appeal in this action
is reported in 30 Minn. 215.   The fatal injury for which this action
was brought occurred while the deceased was in charge, as a conduc-
tor, of a freight train of the defendant, running from Minneapolis to
Albert Lea.   The case before us fairly presents these circumstances
attending the accident, and the probable theory of its cause here sug-
gested:   The train consisted of a locomotive and a long train of
freight cars, with a caboose in the rear.   The brake upon the second
car forward of the caboose was defective; the ratchet, which is used
in connection with a ratchet-wheel to hold the brake when wound up,
being so worn that the jar of the car, when in motion, would detach
it from the ratchet-wheel and let off the brake.   During the night,
while the train was running very rapidly, the deceased, who was in
the caboose engaged in the discharge of his duties, directed a brake-
man to go out upon the train and apply the brakes to check its speed.
This brakeman applied the defective brake, and, after holding it a
short time, left it to go forward to apply other brakes.   The motion
of the car threw the ratchet out of its wheel and let off the brake.
The tension upon the coupling apparatus being thus relieved, this car
collided with that in front of it, thus checking its own speed and at
the same time communicating a new impulse to the forward car.   At
about the same time, the forward part of the train, having passed
over an ascending grade to a descending grade beyond, started at an

increased rate of speed, and the coupling broke immediately forward of the car to which the brake had been applied. After the forward part of the train had gone on for a considerable distance it was stopped by the engineer and one of the brakemen, they having been informed that the train had broken apart, and the two detached cars with the caboose, running on with their own momentum, collided with the main body of the train with such force as to kill the conductor, who was still in the caboose, probably unconscious of what had occurred.

The verdict rests alone upon the alleged negligence in respect to the condition of the brake, and it is claimed by the appellant that this negligence was not the proximate cause of the injury; that the acts of the engineer and brakeman in stopping the train, which defendant claims to have been negligence on their part, was an intervening and the proximate cause of the collision. As has already been intimated, the evidence makes it at least probable, and justified the jury in their determination of the fact, that the sudden release of the brake was an immediate and direct cause of the breaking of the coupling. The starting forward of the locomotive upon a down grade may have occurred at the same instant, and may have contributed, with the collision and recoil consequent upon the sudden release of tension upon the coupling, to produce the result. But that was one of the ordinary incidents of the movement of the train, and could not affect the liability of the defendant. According to the unopposed testimony of the brakeman, whose competency is not questioned, it may be considered that the coupling would not have broken except for the sudden release of the defective brake. The breaking apart, seeming to have been a natural result,—a result likely to occur from the use of the defective brake in the ordinary operation of the train,— is legally referable to the defect complained of as its proximate cause, and the other concurring influence does not affect the responsibility of the defendant. *Griggs* v. *Fleckenstein*, 14 Minn. 62, (81;) *Johnson* v. *Chicago, M. & St. P. Ry. Co.*, 30 Minn. 57; *McMahon* v. *Davidson*, 12 Minn. 232, (357;) *Campbell* v. *City of Stillwater, ante*, p. 308.

The subsequent collision is further removed from that cause in the order of events, but is it so in its causal relation? The answer, upon principles recognized as being within the scope of the maxim, *causa*

*proxima non remota spectatur*, is not difficult. The principle is well settled that a wrong-doer is, at least, responsible for all the injuries which resulted as natural consequences from his misconduct,—such consequences as might reasonably have been anticipated as likely to occur. *Griggs* v. *Fleckenstein, supra; Nelson* v. *Chicago, M. & St. P. Ry. Co.,* 30 Minn. 74; *Johnson* v. *Chicago, M. & St. P. Ry. Co., supra; Martin* v. *North Star Iron Works,* 31 Minn. 407; *Savage* v. *Chicago, M. & St. P. Ry. Co.,* Id. 419; *Milwaukee & St. P. Ry. Co.* v. *Kellogg,* 94 U. S. 469; *Lane* v. *Atlantic Works,* 111 Mass. 136; *Hill* v. *Winsor,* 118 Mass. 251; *Fairbanks* v. *Kerr,* 70 Pa. St. 86; *Sheridan* v. *Brooklyn City, etc., R. Co.,* 36 N. Y. 39; *Lake* v. *Milliken,* 62 Me. 240; *Weick* v. *Lander,* 75 Ill. 93. And whether the injury in a particular case was such natural and proximate result of the wrong complained of, is, ordinarily, for the determination of a jury. See cases above cited.

Assuming that the breaking apart of the train was an immediate and proximate result of the use of the defective brake, we find no reason for the legal conclusion that the subsequent collision is not to be referred to the same defect as its proximate cause. The liability of such a collision occurring from the breaking apart of a freight train when in motion is apparent. Many events readily occur to the mind as likely to happen, and some of which did happen in this case, to precipitate a collision, especially if the separation should occur in the night, when it might not be immediately discovered. To render the danger imminent it would be only necessary that the locomotive, with that part of the train attached to it, should be checked in its speed or brought to a stop while the detached cars were still in rapid motion. It was certainly not beyond the province of the jury to say that such a contingency was likely to occur, and that it should have been anticipated.

The case is not one for the application by the court of the rule that an intervening independent wrongful act, by which the injury is immediately caused, and for which the defendant is not responsible, forbids a recovery for the more remote cause, and remits the injured party to his remedy against him to whose misconduct the injury is immediately attributable. Viewing the case as we must presume the

jury did, we look upon the negligence of the defendant as being in operation as an efficient cause down to the time of the final catastrophe. The contributory circumstance of the stopping of the train was not an independent efficient cause of the injury, but was a circumstance caused by the negligence of the defendant, and for which it is responsible, being but a natural and probable result of the breaking apart of the train. In this respect, and in the general features of the case, we do not distinguish it from the case of *Griggs* v. *Fleckenstein, supra.*

The defendant claims that the stopping of the train by the engineer and brakeman, after they were informed that the train had broken in two, was negligence on their part. In addition to what has already been said, we need only add, in this connection, that if the question of their act being one of negligence is at all material, we cannot consider it as an established fact in the case. The evidence does not conclusively stamp the character of negligence upon their acts, and negligence on their part cannot be implied from the verdict.

The point is made that it was negligence for the brakeman to use this brake, he having discovered the condition of it several hours before. Very likely this is true, but it does not affect the liability of the master, nor bring the case within the rule exempting the latter from responsibility for the negligence of a fellow-servant. The master, who is bound to provide safe machinery for the use of his servants, (*Drymala* v. *Thompson*, 26 Minn. 40; *Madden* v. *Minneapolis & St. L. Ry. Co., ante,* p. 303,) is not relieved from responsibility to an employe for a neglect of that duty, by the fact that a fellow-servant may have been guilty of negligence in using the unsafe apparatus which was committed to him to use. *Cone* v. *Delaware, L. & W. R. Co.,* 81 N. Y. 206; *Booth* v. *Boston & A. R. Co.,* 73 N. Y. 38.

It is further claimed that it is not apparent that the injury to the deceased was caused by the collision of the cars. It is sufficiently apparent from the evidence, and it is also admitted by the answer.

The first and ninth requests for instruction to the jury were properly refused, because they involved what the evidence, so far as there was any upon the point, showed to have been not the fact; that is, that it was the duty of the conductor to inspect the cars and machin-

ery of the train, and hence that he was chargeable with contributory negligence in respect to a defect which would have been discoverable upon inspection.

There are no other points in the case upon which comment is necessary.

Order affirmed.