MATILDA MAHAN *vs.* UNION DEPOT, STREET RAILWAY & TRANSFER COMPANY and another.

### July 15, 1885.

**Railroads—Negligence in Running Engine—Question for Jury.**—The track of the defendants' railway ran through the middle of a narrow street in the city of Stillwater.   The plaintiff was in a building adjacent to the street, and about 12 feet from the railroad track, by license from the corporation which owned the premises.   The defendant S., who was the managing officer of the railway company, took the place of an engineer upon one of its engines, and ran it backward, with a flat car in advance, through the street, at the rate of 12 miles an hour.   The car ran off the track and into the building, injuring the plaintiff.   A city ordinance forbade the running of engines at a greater speed than five miles an hour.   S. did not shut off steam when the car left the track.   Evidence considered as tending to show that the engine was driven at an unsafe rate of speed, and was imprudently managed, so that the issue of negligence should have been submitted to the jury.

**Same—City Ordinance as to Speed.**—The ordinance limiting the speed of trains cannot be deemed to have had no reference to the dangers to which buildings in the vicinity of the track, and their occupants, might be exposed from trains in rapid motion.

**Same—Violation of Ordinance.**—Running the engine at a rate of speed prohibited by the ordinance was evidence of negligence.

Appeal by plaintiff from an order of the district court for Washington county, *McCluer,* J., presiding, refusing a new trial.

*Thompson & Manwaring* and *O'Brien, Eller & O'Brien,* for appellant.

*Fayette Marsh* and *E. D. Buffington,* for respondents.

DICKINSON, J. Upon the trial of this action before a jury, at the close of the plaintiff's case the court ordered a nonsuit. The only question raised by this appeal is as to whether there was evidence which should have been submitted to the jury tending to charge the defendant with negligence to which personal injuries shown to have been suffered by the plaintiff are legally attributable. A railway track of the defendant corporation is laid through a public street in the city of Stillwater, known as Stimson's alley or Water street. The street is 30 feet wide. Standing upon lands owned by the railway company, and contiguous to this street, was a temporary building, erected and occupied (as is conceded) by a church society, for the purposes of a fair, under license from the defendant company, which owned the premises. The plaintiff was employed within this building, at labor connected with the purposes for which it was used. The building stood, as the evidence tends to show, about twelve feet from the railway track. The street is level between the track and the building. The defendant Stimson, who was the managing officer of the corporation, got upon one of its engines with two other gentlemen, the engineer of the locomotive being also upon the engine. A flat car was attached to the engine. Without any apparent necessity for such conduct, the defendant Stimson assumed the management of the engine, taking the engineer's place in operating the machinery. He ran the engine backwards, pushing the flat car in advance of it, at a speed of about 12 miles an hour, as the evidence tends to show, through the street. When nearly opposite the building before referred to, the car ran off the track and into the building, injuring the plaintiff.

It does not appear, except as it may be inferred from the circumstances, what was the immediate cause of the car leaving the track. There is evidence, however, going to show that from the use of wagons upon the street small stones and gravel are liable to be deposited in the space beside the rails, where the flange of the wheels runs, increasing the liability of cars to run off the track, and requiring that trains should be run slowly, and that to a greater or less extent such obstructions existed at this place all of the time.

The evidence tends further to prove that if steam had been shut

off when the car left the track, which was not done, or that if the locomotive had been propelled at a less rate of speed, the car would not have run into the building. An ordinance of the city prohibited a speed of more than five miles an hour.

A careful review of the case, of which we have given an outline, has led us to the conclusion that there was presented substantial evidence of negligence on the part of the defendants causing the injury complained of, and that the jury, in the exercise of their judgment, might have reasonably considered the consequences to have been of such a kind as should have been apprehended as likely to result from the conduct shown. The case should therefore have been submitted to the jury. *Ransier* v. *Minn. & St. L. Ry. Co.*, 32 Minn. 331, and cases cited; *Martin* v. *North Star Iron Works*, 31 Minn. 407.

The evidence of negligence to which we have referred consisted in the rate of speed at which the engine was run at the place and under the circumstances shown, the fact that such speed was in excess of that allowed by the ordinance, and the failure of Stimson to shut off steam when the car went off the track. We do not assume, for it is not shown, that Stimson was not familiar with the duties devolving upon an engineer. As there is to be a new trial, we refrain from unnecessarily particular discussion of the evidence.

It is claimed that the ordinance has no application to a case of this kind, and the learned judge who presided at the trial was of this opinion. This is based upon the assumption that the protection of persons or property not *within* the public street, nor upon the railway track or trains, was not among the purposes for which the ordinance was adopted. This should not be assumed. The obvious dangers arising from running locomotives and trains of cars rapidly through a populous city are too manifold to warrant so limited an application by the court of the prohibitory law. We see no reason for limiting the effect of the unqualified terms of the ordinance by declaring that the dangers contemplated when the ordinance was enacted did not include that arising from the vicinity of buildings to the railroad, and the consequent exposure of such buildings and their inmates to injury from any accident throwing trains from the tracks. It has even been considered that the danger to buildings from fire

thrown out by engines in rapid motion was one of the mischiefs which a statute limiting the speed of trains through cities and villages was designed to prevent. *Martin* v. *Western Union R. Co.*, 23 Wis. 437. The ordinance unquestionably imposed the duty of limiting the speed of trains to the rate prescribed. The breach of that duty was evidence of negligence. *Faber* v. *St. Paul, M. & M. Ry. Co.*, 29 Minn. 465; *Toledo, W. & W. Ry. Co.* v. *O'Connor*, 77 Ill. 391; *Lane* v. *Atlantic Works*, 111 Mass. 136; *Crowley* v. *Burlington, C. R. & N. R. Co.*, 65 Iowa, 658.

The plaintiff was rightfully in the place where the injury occurred. Although she was in that place by the defendant's license, she is not to be deemed as having assumed the risk of injury from such acts of negligence as might be committed by them. They were responsible, if they failed to exercise ordinary care, for the natural and proximate consequences of their negligence.

Order reversed, and a new trial awarded.