GEORGE B. STEWART v. PHILADELPHIA, W. & B. R. Co.

*Master· and Servant—Injury to Servant—Negligence—Damages.*

An employer impliedly engages to make the service of the employed a reasonably safe one.    When acting through agents, he undertakes that his agent shall be a capable person for the position he holds.    He shall provide a safe place for the employe to work at or upon, and no order with respect to change of position of the subject of the work shall be executed without due warning to the employe.

If the employe has timely warning, and does not act upon it, he takes the risk of danger upon himself.    When the plaintiff is guilty of the slightest contributory negligence, and the injury is not wholly the fault of the defendant, he cannot recover.

In order to hold the employer responsible for the act or omission of his agents, where rights of others are concerned, such act or omission must be satisfactorily proved, and also it must appear that the plaintiff was not guilty of any contributory negligence.

The measure of damages includes compensation for all expenses for medical attendance, a reasonable allowance for nursing and drugs, for his loss of time and wages, and for his pain and mental suffering resulting from the accident, and if he has received permanent injuries which will diminish his ability to make a living, he will be entitled to recover all the pecuniary loss which he is likely to sustain by reason thereof, and for his future suffering.

(*New Castle, May 24, 1889.*)

ACTION on the case for damages for personal injuries.    The facts appear in the opinion of the court.

*Charles B. Lore* and *Albert Constable* for the plaintiff presented the following prayers :

1. If the jury find that plaintiff was a workman in the service of the defendant at its carshops in the city of Wilmington, and was required in the course of his said service to perform work upon the tops of cars, which during such service were liable from time

to time to be moved upon and along certain tracks in said shops and that said movements by reason of heavy girders extending over said cars were dangerous to the workmen employed upon them, unless they were properly warned of such movements or other means were taken for the reasonable protection of such workmen, then it was defendant's duty to frame and promulgate such rules and regulations for the moving of said cars as would afford reasonable safety to such workmen ; and if the defendant failed in this duty and the plaintiff was injured in consequence, then he is entitled to recover in this action unless by his own negligence he directly contributed to the injury he received.

*Pett on Railways*, 316 ; 116 Pa. St., 647 ; 135 Mass., 577 ; 91 N. Y., 334.

2. If the jury find that the plaintiff was a workman in the service of the defendant, then the law imposed an absolute duty upon it to exercise reasonable care to select and retain as fellow workmen of the plaintiff only such persons as were fitted and competent for the service ; and it was bound during the period of plaintiff's service, to continue to exercise a reasonable care to ascertain the qualities as servants of such fellow-workmen, and to discharge such as from any cause proved inefficient or incompetent as soon as known to it or as soon as by the exercise of reasonable care on its part it would have been known to it. And this duty of the defendant cannot be delegated to a servant so as to exempt the master from liability for injuries caused by its omission.

(This prayer was assented to by Mr. Gray.)

3. Where a servant is generally known to be incompetent or unfit and careless, the master is chargeable with negligence, even though he was himself ignorant of such incompetency, carelessness or unfitness, provided the reputation of the servant in that respect is so general that it would redily have been ascertained upon inquiry.

*Wood's Railway Law*, 1507.

4. The measure of damages includes compensation for all expenses for medical attendance, a reasonable allowance for nursing and drugs, for his loss of time and wages, and for his pain and mental suffering resulting from the accident, and if he has received permanent injuries which will diminish his ability to make a living, he will be entitled to recover all the pecuniary loss which he is likely to sustain by reason thereof, and for his future suffering.

*Jones v. Belt.*

*George Gray* for the defendant, submitted the following prayers to the Court:

(1.) That plaintiff in entering the service of defendant in its car shops, assumed the risks of the service he undertook—including the risk of the negligence of a fellow servant of the same master engaged in the same common pursuit under the same general control.

(2) Even if there has been proved to the satisfaction of the jury some negligence legally imputable to the defendant without which the accident would not have occurred, yet if by want of due care on his part, the jury believe, that plaintiff contributed to the result, he cannot recover.

(3) When a person enters upon a dangerous employment he not only assumes the risk, ordinarily incident thereto, but also the risk he may incur from manifest perils.

(4) That if the jury believe that plaintiff had notice from any source, that car was about to be moved in time to have gotten off the top of it and chose to remain on it or that after the car was in motion he by his own conduct contributed to the accident, he cannot recover.

COMEGYS, C. J., (charging the jury.) The plaintiff, having

been injured while in the service of the defendant, on the 21st of June, 1880, as a tinsmith, at work upon a passenger car being repaired in its car-shop in this city, has brought this action against the defendant to recover for the damages resulting to him from such injury; he averring that the casualty that befell him grew out of the negligence of the defendant in not apprising him of the approaching danger. His work was, at the time mentioned, to cover with tin a gas-pipe which ran along on top of the car, and which was to supply gas for lighting the latter. While he was upon the car for that purpose, it was set in motion by order of the company's servant, who had control of such motion, as one of its officers; and the plaintiff was crushed between the top of the car and one of the girders or beams which crossed the building at right angles with the car, and was for the purpose of supporting the sides of the structure, and keeping them in place. It was stated by a witness for the defendant, who had measured for the purpose of obtaining information, to be $13\frac{1}{2}$ inches, on its under side, above the top of the car. The plaintiff alleges and swears that at the time of the accident he was engaged about the work assigned him, in a stooping position on the west side of the girder, (having recently got there by stepping over it;) that, without any notice whatever, the car was set in motion, and before he could protect himself, after he saw it moving, he was caught under the girder,—the car being moved eastward,—and crushed and injured in the manner shown to you by himself and his witnesses examined upon that point. Upon this showing of facts, taken by themselves alone, the plaintiff would be entitled to recover. But he went further, and produced witnesses, who swore that the defendant's servant, McDowell, who was in charge of the car shop, and thus had the control and supervision of the work done therein, was unfit for such service; one of them stating that he had neither the mechanical nor executive ability for the service, and several of them that he was a man addicted to drink, and sometimes drunk about the building. This testimony was offered to show that the defendant had in its

service in that shop,, to oversee and superintend and control the work done therein, a person unfit for such duty. He further produced witnesses to prove, and who did swear, that McDowell had a general reputation about the place of having dissipated habits, and of not being a safe person for men to work under. Taking these facts, and adding them to the plaintiff's testimony, his case would be much strengthened as a *prima facie* one for a verdict. To the above testimony the defendant opposes the following, testified to by its witnesses : That, so far from the plaintiff having no notice or warning of the danger to be incurred by moving of the car, the usual notice of such purpose on the part of McDowell was his loud order, in this language, which they heard, " Shove this way ;" that the witness Anderson went up the ladder to the top of the car when the order was given, saw three men there, one of whom was the plaintiff, and called to them to come down ; that two of the three came down, leaving the plaintiff there on top, and that, as he did not come down, he (Anderson) ascended the ladder again, and gave plaintiff further warning, from whom he got some answer, which he could not recollect; that he supposed the plaintiff did not wish to come down, and, after descending himself, he took the ladder away. The car was then moved, and the accident happened. He further stated that the warning he gave was in pursuance of his uniform duty in the shop in the case of moving cars. The defendant has further produced before you two witnesses, who swear that the plaintiff, after the car was set in motion, walked to the girder, (he was at that time, as they say, on the east side of it; that he stepped over it, and got down upon the car on the western side of the girder, in the manner they described in their own person, or at least in the case of one of them, for the purpose of catching a piece of tin, which would roll from the top ; and while so prostrated was caught by and crushed under the girder. They heard his cry, following his act mentioned. The defendant also produced a witness, who swore that he had, some time not distant before that accident, warned the plaintiff of the danger of remain-

ing on a car in the shop when in motion, and that his reply was
" that he felt able to take care of himself." The witness Ander-
son also swore that when they were taking the plaintiff home he
(the plaintiff) said to a person in the wagon at the time, " Oh, Al.!
I should have got down." In answer to this testimony on the de-
fendant's part, the plaintiff, upon being called for the purpose, by
his counsel, denied that he was in the position on the car described
by the defendant's witnesses for the apparent purpose pointed out
by them, but was at work as stated by himself in his first exami-
nation ; that he had no warning by anybody to come off the car ;
that he never was warned of any danger of remaining upon a car
in motion in the shop ; and that he made use of no such expres-
sion as that imputed to him, on the way to his home in the wagon.
I do not undertake to use the language of the witnesses. That I
cannot do, but I mean only to give what, according to my recollec-
tion, is the substance of it.

You then have, by the plaintiff's proof, broadly considered, a
case of inexcusable wrong on the part of the defendant; and by its
proof, a case where the defendant was in no default at all. In the
one aspect the plaintiff would seem to be entitled to a recovery ; in
the other, the defendant should have your verdict. Now, in this
conflict of testimony, the court can render you no aid in reaching a
conclusion, except to say that in all cases of conflict, where such
diversity cannot be reconciled so as to make one consistent harmoni-
ous narrative of events testified to, it is the province and duty of
the jury to institute a mental balance, and in it weigh the moral
and legal value of the proof on both sides, and, where the greatest
weight or influence upon their minds and reason is, there, to that
side, to yield their verdict. For, after all, positive certainty in
cases of discrepancy can rarely be attained, but only a controlling
probability that the testimony on one side is reasonably to be con-
sidered to be true, rather than that of the other. Where a party
engages another in his service—as, for example, a service like that
upon which the plaintiff was engaged—he impliedly engages to

make that service a reasonably safe one; and where he acts through agents, as in this case the defendant did, in the car shop, through McDowell, he also undertakes that his agent, under whom the plaintiff works or under whose control of the subject of the work (in this case the car to be repaired) he is engaged, shall be a capable person, in all essential respects, for the place he holds, and that, as to such control, the party employed shall be protected against all accident or injury which an efficient discharge of duty on the part of the agent can secure him against. In other words, a legal duty is imposed upon the employer to provide a safe place for his workmen to work at or upon, and that no order with respect to change position of the subject of the work (in this case a railroad car, with a girder about $13\frac{1}{2}$ inches from the top of it) shall be executed without due warning of some kind to save the workmen from injury. If, therefore, the car was moved without notice previously given to the plaintiff, and of which he had time to avail himself, the defendant would, upon such state of facts undisputed, be undoubtedly liable. But if, on the other hand, there has been sufficient proof before you to show that in this case such warning was given, and that the plaintiff had time to avail himself of it, then the defendant is not liable at all. Even if you should find from the testimony that the defendant was guilty of neglect in not giving all the notice to the plaintiff that a due regard to its legal duty, etc., required, and yet it did give him, or that he had in any way, notice that the car was to be moved, and did not, as the others upon the car with him did, decend from the top of it to the ground, and thus preserve himself from injury from the girder upon the west side of the car on which he was,—the car moving east,—then he must be held to have taken the risk upon himself of the danger that impended from his want of such prudent action. Supposing that, like the others, he had the warning, if you believe Anderson and others that they had it, then, by not taking advantage of it, he was in fault as well as the defendant, (if you belive from the testimony

that it was in any fault at all,) and guilty, to use the common legal expression, of contributory negligence, and cannot recover. Wherever it is the fault of a plaintiff, no matter how slight, that an accident happens to him, the party from whose act or omission the accident or injury occurred cannot be held liable,—the law never undertaking, in such cases, to measure the degree of capability. The injury must be wholly the fault of the party sued to subject him to liability, and not be relieved by any want of proper care on the part of a plaintiff, such as a reasonably prudent man would take under like circumstances as those under which the injury in this case happened. No matter what the obligation on the part of an employer is, nor how much he may neglect to perform it, if a party in his service, being aware of a threatened danger to him while engaged in such service, takes no efficient steps where such are within his power to take, in time for his protection, he must abide by the result of his own neglect, or rather temerity. To close this view of the case in a few words : If the plaintiff could have escaped the danger that befell him by using the means within his reach (if you believe the defendant's witnesses, that they were within his reach) for that purpose, then he contributed to his calamity, and cannot recover ; if, on the contrary, you give credit to the plaintiff rather than to them, and believe that he had no warning whatever against remaining on the car until it was too late to escape his peril, then he is entitled to recover.

In regard to the point pressed upon the Court, that in the case McDowell, the carshop superintendent, neglect of duty of warning on his part was neglect of duty on the part of the company, as a general proposition it is true that an employer is responsible for the act or omission of his agent, where rights of others are concerned ; yet, to subject the employer to such liability, such act or omission must be satisfactorily proved, by credible testimony, to the satisfaction of the jury, and it also must not appear to them that the complainant was in any fault that led to, promoted, or contributed to the injury complained of.

Finally, if the jury, in view of all the proof on both sides, believe this is a case for recovery by the plaintiff, (as I have instructed you as to the law,) then he is entitled to such reasonable sum as shall be proper in your judgment, to compensate him for the injuries shown to have been received, and that are likely to arise hereafter in consequence of them, besides the other items in the plaintiff's prayers. The credibility of the witnesses, the weight to be given to their statements, and all other things shown by the proof, are for you entirely ; you to be bound, of course, by the law as given to you, and the facts which challenge your acceptance as being proved by, in your judgment, the most credible witnesses, all things considered.