HERMAN CHIELINSKY, by his next friend MAXIMILIAN CHIE-
   LINSKY *vs.* HOOPES & TOWNSEND COMPANY.

· New Castle County, May Term, 1894.

**Master and Servant. Safe Place.· Safe Machinery.**—It is the duty of the mas-
   ter to provide his servant with a reasonably safe place in which to do his
   work, and reasonably safe machinery to work with or upon, and to so keep them.

**Master and Servant. Duty of Instruction, Its Limits|and Extent.**—It is the
   duty of the master to warn and instruct his servant as to the dangerous character
   of his employment. The measure of such instructions must be gauged by the
   youth or inexperience of the servant. The extent of the instruction is limited,
   however, by the right of the master to presume that the servant has the knowl-
   edge, discretion and experience of the average servant of his .age and
   intelligence.

**Negligence. Proximate Cause.**—The plaintiff may recover, though guilty of
   some negligence, if the defendant was guilty of the negligence which was the
   proximate cause of the injury.

**Evidence.**—A policy of insurance indemnifying the master against loss by accident
   to the servant is not admissible in an action for damages for injuries arising
   from the negligence of the master.

**Same.**—The acts of other workmen engaged in similar work, by the order or per-
   mission of the employer during the time the plaintiff was employed, and of
   which he had knowledge and which informed his mind as to his duty and his
   rights,—are admissible, to show that the plaintiff was acting in the line of his
   duty.

**Same.**—Declarations concerning the cause of the accident made by the plaintiff
   within an hour after the injury may be proved as part of the *res gestæ*, and the
   questions of their weight and effect to the prejudice of the plaintiff, in view of
   his physical condition at the time, are for the jury.

**Same.**—Whether the plaintiff was continued ·on the pay roll while injured, and all
   facts connected with his subsequent employment by the defendant are irrelevant

and inadmissible, except that the amount of wages paid to him since the accident may be shown in mitigation of damages.

**Same.**—In such case evidence of precautions taken after the accident is irrelevant and inadmissible.

**Same.**—In such case the custom of the shop cannot be proved except so far as it is shown to have been within the knowledge of the plaintiff.

**Same.**—The evidence that the plaintiff was discharged from the employment of the defendant because of his feelings towards the latter is immaterial and therefore not admissible for the purpose of contradiction.

This was an action upon the case for the loss of the left arm, which the plaintiff alleged resulted through the negligence of the defendant company. The facts of the case will more fully appear from the charge of the Court.

At the trial the following questions were objected to and ruled upon :

*Bird*, for the plaintiff, asked the witness, William Brown, the following question : " What was the custom of the shop, both while Chielinsky worked there and before he worked there, as to men and boys putting the belt on the main shafting ?" To this question *Spruance*, for the defendant, objected as irrelevant.

LORE, C. J. The contention as we understand it is that either by order or by permission—the defendant looking on and consenting—this boy went up and put on this belt, that being dangerous work.

Whatever took place in that boy's presence by the defendant's order or permission during the time that he worked there and of which he had knowledge and which informed his mind as to his duty and his rights is clearly and unquestionably evidence. But when you go beyond that we do not think it evidence.

Suppose you are permitted to prove in this case that this company either ordered or permitted John Brown or Thomas

Smith or others long before that time to go up and put this belt on. If the boy was not acquainted with that, if he never had any knowledge of it, how is it possible that it could affect him or this case in any way? Would it not permit the very same range of discussion and evidence to come in in each one of these cases as to whether he was there properly or rightfully under orders, or by permission during his work, and would we not be trying a multitude of issues in one case?

We think you have the right to prove that the boy was of tender years, that he ought to have been instructed and was not instructed that the machine was dangerous, and anything which took place in his presence, of which he was informed and which entered into—either by permission or orders—the work he was to do there. Anything beyond that we think is not admissible.

*Bird*, for the plaintiff, asked the further question: "After Chielinsky was hurt did you ever see a ladder brought up to put it (the belt) on with?"

To this, *Spruance*, for the defendant, objected, as irrelevant.

LORE, C. J. My recollection is that this question was passed upon, after objection and argument, in the case of *Stewart vs. P., W. and B. R. R. Co.*, and was ruled out on the ground that it did not enter into the transaction, and was a matter that would lead only to complicated issues.

*Spruance*, for the defendant, asked the plaintiff the following question (in cross-examination):

"You were removed from the room after the accident and taken up into another room—did you say anything about the accident or the cause of the accident?"

*Bird*, for the plaintiff, objected to any statement made by witness then, contending that they could not be used against him, because at that time he was suffering excruciating pain or was unconscious.

LORE, C. J. We think your objection goes rather to the effect of the testimony than its competency. This is a part of the *res gestae* as to what was done along with the transaction. It is for the jury to say, when the statements were made within an hour after the injury, and his arm being lacerated—what weight they will give to these statements. We think his statements are admissible.

The witness was then asked if he did not make a certain statement as to how the injury occurred.

*Bird,* for the plaintiff, objected to the question as irrelevant.

LORE, C. J. We think this is admissible, as it goes to the credit of the witness.

*Spruance,* for the defendant, asked the witness, Albert B. Marks, the following questions:

" State whether the plaintiff was not continued upon the pay-roll of the defendant from the time of the accident, December 13, 1892, until May 12, 1893 ?"

" State whether the plaintiff after he recovered from the effects of the amputation returned to the service of the company?"

" What was the employment of the plaintiff while in the service of the defendant, if he was in such service, from the time of his return after the accident to the time he quit their service?"

" State whether any and what instructions were given or attempted to be given to the plaintiff as to his employment between the time when he so returned to the service of the company and his final leaving.

*Bird,* for the plaintiff, objected to each of these questions as irrelevant, because he contended that no claim had been made for damages in respect to the period between the date of the injury and the bringing of the suit. The objection in each case was sustained by the court.

*Spruance,* for the defendant, then asked the question :

"State whether from the time of the accident there was paid afterwards to the plaintiff his wages by the defendant, and if so, for how'long ? "

*Bird,* for the plaintiff, objected on the ground of irrelevancy but the objection was overruled by the court, who stated that they regarded it as proper, in mitigation of damages, to show what had been paid on account.

Frederick Schiller, general foreman of the defendant company, being produced, *Spruance,* for the defendant, asked him the following question :

" Why did you discharge Walter Applegate ? "

*Bird,* for the plaintiff, objected to the question as irrelevant.

*Spruance,* for defendant, contended that he had the right to show by this witness the feelings of Walter Applegate towards said Company ; that what he proposed to prove would materially affect the credibility of said Applegate.

LORE, C. J.: The rule of evidence is, that you may contradict a witness, where he says that which is not true in a matter material to the issues in the case, by another witness; but if it is immaterial to the issue, you are bound by his answer. We think that this is not material to the issue.

The following question was then asked by *Spruance,* for the defendant :

" Did you, at the time of the discharge of Walter Applegate, tell him why he was discharged ? "

*Bird,* for the plaintiff, objected that it was irrelevant, and the objection was sustained.

*Bird,* for the plaintiff, here informed the Court that he had

given the defendant notice to produce the insurance policy or policies by which it was indemnified against loss by accident, and that the Company had refused to produce the same, and asked the Court that proper order be made for its production.

The Court held that if there was such a policy of insurance, it was not admissible, and the defendant could not be compelled to produce it.

*Bird* and *Sanborn*, for the plaintiff.

It is the duty of one who employs minors to work with dangerous machinery to give them such warning and instructions as is reasonably required by their youth, inexperiences or want of capacity to protect them from risks, which they do not understand or appreciate; 14 A. & E. Encyc. L. 897; s. c. 57 Am. Rep. 269; *Dowling vs. Allen,* 74 Mo. 13; s. c. 41 Am. Rep. 298; *Chopin vs. Badger Paper Co.,* 53 N. W. Rep. 452; 83 Wis. 192; *Coombs vs. Cordage Co.,* 102 Mass. 573; *Emma Cotton Cotton Seed Oil Co. vs. Hale,* 56 Ark. 232; s. c. 19 S. W. Rep. 600; *DeLozier vs. Kentucky Lumber Co.,* 18 S. W. Rep. Ky. 454; *Cullen vs. Nat. Sheet Co.,* 46 Hun 562; Sherm. & Redf. Neg. 977; *R. R. Co. vs. Fort,* 17 Wall. 553; Cooley, Torts 553; McKinney, Fellow Servants 104; *Grizzle vs. Frost,* 3 Fost. & Finl. 622; *Dowling vs. Allen,* 74 Mo. 13; s. c. 41 Am. Rep. 298; *Sugell vs. Schantz,* 2 T. & C. (N. Y.) 353; *Missouri Pal. R. R. vs. Peregroy,* 36 Kan. 424; *Wheeler vs. Mason Mfg. Co.,* 135 Mass. 135; *Coombs vs. Cordage Co.,* 102 Mass. 599; *King vs. Ford River Lumber Co.* 93 Mich. 172; s. c. 53 N. W. Rep. 10; *Connors vs. Grilley,* 155 Mass. 575; *Rummel vs. Dillworth, Porter, & Co.,* 131 Pa. 509; *Wynne vs. Conklin,* 86 Ga. 40; s. c. 12 S. E. Rep. 183.

The master's duty of warning and instructing minor employees, is not discharged by informing the servant generally that the service engaged in is dangerous, especially where the employee is a person who neither by experience or education has, or would be likely to have knowledge of such facts. In such case he should be informed also of the particular risks and perils connected with

the service.   *Smith vs. Car Works*, 60 Mich. 505; *Coombs vs. New Bedford Cordage Co.*, 102 Mass. 572; *Johnson vs. Cushing Vt. R. R.* 56 Vt. 707; s. c. 19 Am. & Eng. R. R. Cas. 159.

The duty of warning and instructing inexperienced minor employees as to the particular danger and risk connected with the operation of machinery is a duty which cannot be delegated by the master to any one so as to release the master from liability for its negligent performance.   It is a personal duty, the performance of which the master cannot escape, and the servant to whom he entrusts the performance of this duty is not a fellow-servant of the person injured by its non-performance.   See cases cited *supra.*

When the master places an inexperienced minor employee under the control and direction of another, and the latter, in the exercise of the authority so conferred, orders the former into a place of unusual danger, or knowingly permits him to work in such place of unusual danger, and thus exposes him to extraordinary perils, of the existence and extent of which he is not advised, and does not appreciate, the master is liable for injuries caused by such negligence in the absence of contributory negligence of the plaintiff; *R. R. Co. vs. Fort*, 27 Wall. 553; *Pullman Co. vs. Harkins*, 55 Fed. Rep. 932.

In the application of the doctrine of contributory negligence to children in actions by them or on their behalf, for injuries occasioned by the negligence of others, their conduct should not be judged by the same rule which governs that of adults, and while it is their duty to exercise ordinary care to avoid injuries of which they complain, ordinary care for them is that degree of care which children of the same age of ordinary care and prudence are accustomed to exercise under similar circumstances; *Cleveland Rolling Mills vs. Corrigan*, 46 Ohio St. 282; s. c. 20 N. E. Rep. 466; Shearm. & Redf. Neg. § 73; *McGarragher vs. Rogers*, 120 N. Y. 526; Beech, Cont. Neg, 144, 145; *R. R. Co. vs. Fort*, 17 Wall. 553.

It is no defence to an action for a negligent injury that the negligence or wilful act of a third person contributed to cause the

injury of the plaintiff, if the negligence of the defendant was the efficient cause of the injury.

In such cases the fact that some other cause operates with the negligence of the defendant in producing the injury does not relieve the defendant from liability; *Johnson vs. N. W. Tel. &c. Co.*, 48 Minn. 433; s. c. 51 N. W. Rep. 225; *Lane vs. Atlantic Works*, 111 Mass. 136; 16 Am. and Eng. Ency. L. 440; 1 Sherm. and Redf. Neg., §§ 31, 32; 2 Thomp. Neg., 1088; Cooley, Torts 78, 684; *Howe vs. Ohmart*, 7 Ind. App. 32; 33 N. E. Rep. 466; *Grand Trunk R. R. vs. Cummings*, 106 U. S. 700-702; *Buford vs. Johnson*, 82 Ind. 427; *Pasture vs. Adams*, 49 Cal. 87; *Burrows vs. Gas Company*, 2 Thomp. Neg. 1070; *Martin vs. North Star Works*, 31 Minn. 407; *Atkinson vs. Transportation Co.*, 60 Wis. 141; *Johnson vs. R. R.*, 31 Minn. 57; *Griggs vs. Flickinstein*, 14 Minn. 62; *McMahon vs. Davidson*, 12 Minn. 233; *Powell vs. Devinney*, 3 Cush. 303; *Barrell vs. Third Ave. R. R.*, 45 N. Y. 628; *Johnson vs. R. R.*, 31 Minn. 57; *Henry vs. Dennis*, 93 Ind. 452; *Martin vs. North Star Works*, 31 Minn. 407; *Atkinson vs. Transport. Co.*, 60 Wis. 142.

*Spruance* and *Curtis*, for the defendant.

Obedience to the orders and instructions of the employer is the primary duty of the employee. *Foster vs. Pusey*, 8 Houst. 168.

If an employee is injured while doing an act in disobedience of orders and instructions of his employer, he is not entitled to recover. Deering on Negligence § 211.

If an employee at the time of the injury was doing an act outside of the line of his employment and without the command of his employer or superior to do the particular act, then he becomes an intermeddler, and the plaintiff is not responsible. *Freeberg vs. St. Paul Plow Works*, 48 Minn. 99; s. c. 50 N. W. Rep. 1026.

The employer is bound to give such instructions "as most men under like circumstances would have done," and if under the circumstances the employer is "justified in believing that he had done his duty" in the instructions given to the employee, then he

is not liable for the want of other instructions.  *Foster vs. Pusey, supra.*

A youthful employee is presumed to have the average capacity and intelligence of persons of his age ; *Adams vs. Clymer, supra.*

If it was part of the plaintiff's duty to do the thing whereby he was injured, still, as the dangers incident to it were patent and obvious, and such as a boy of his age and experience ought to have seen and appreciated, he took upon himself the risks of such employment; *Criack vs. Merchants' Woolen Co.*, 146 Mass. 182.

The Court will not measure the degree of negligence of employer and employee, and if there be any negligence however slight on the part of the plaintiff which contributed to the injury he cannot recover ; *Stewart vs. P., W. and B. R. R. Co.*, 8 Houst. 450; s. c. 17 Atl. Rep. 639.

The law does not presume negligence. It is a fact to be proved. The plaintiff must show affirmatively by credible testimony to the satisfaction of the jury that the defendant has been guilty of negligence by reason whereof the plaintiff was injured, and if it appear to the jury that the plaintiff was in any fault that led to, prompted or contributed to the injury he cannot recover ; *Peace's Adm'r vs. Johnson Forge Co.*, 9 Houst. 338.

Wilson Hemsley was not a vice-principal of the defendant, as he had no power to hire and discharge employees.

LORE, C. J., (charging the jury.)

This is an action upon the case brought by Herman Chielinsky, by his next friend Maximilian Chielinsky, the plaintiff, against the Hoopes and Townsend Company, a corporation of this State, the defendant, to recover damages for the loss of his left arm, which Chielinsky alleges resulted through the negligence of the defendant Company.

The defendant Company were manufacturers of bolts, nuts and rivets, by machinery, at the time of the accident, December 13, 1892. Chielinsky, the plaintiff, who was a boy then thirteen years, four and one-half months of age, was in the employ

of this Company running a machine putting the nuts on bolts. The machine was run by steam, with two belts, one from the machine to the counter shaft, the other from the counter shaft to the line shaft. On the day named, the belt from the counter to the line shaft came off; when the machine was started in the afternoon, and the plaintiff Chielinsky went up upon the stringers, stretched his body upon them and then reached his arm down to the line shaft about fourteen inches below, and was putting on the belt when a set screw caught his sleeves, drew his arm around the main shaft, crushing and mangling it, so that it had to be amputated.

Chielinsky had been working on this machine from December 2nd, to December 13th, 1892, and previously in the store-room putting on nuts by hand from Novemer 6th to December 2, 1892.

The plaintiff claims that putting on the belt on the line shaft was dangerous work for a boy of his age and experience; that there were latent dangers not known or patent to the plaintiff; that the defendant with full knowledge of these dangers, did not at any time give proper instructions as to the danger, and even directed and permitted the plaintiff, with other like boys in his sight and knowledge, to engage in this dangerous work.

The defendant claims that at the time the plaintiff was put to work on this machine, he was properly instructed as to his duty; that the putting on of the line belt was not a part of his duty or work, but that of another employee specially provided therefor, and that when he was hurt he was out of the line of his employment and doing that which the company neither directed nor permitted him to do; that the injury was the result of his own negligence.

There are no new questions of law raised in this case. As we consider it, the law has been passed upon in well considered cases in our own courts and expressed with great accuracy and terseness in *Foster vs. Pusey, Adams vs. Clymer* and *Peace vs. the Johnson Forge Company.* We therefore need not travel outside of what is settled law in this State.

The plaintiff and the defendant held the relation of master

and servant at the time of the accident. There are certain legal duties this relation imposes upon each party.

It is the duty of the master to provide his servant with a reasonably safe place in which to do his work and reasonably safe machinery to work with or upon, and to so keep them.

Where the employment is dangerous it is the master's like duty to warn and instruct his servant as to the dangerous character of it, if by reason of youth or inexperience the servant be unacquainted with such danger. The measure of such instruction must in all cases be gauged by such youth and inexperience. The particularity and extent of this instruction is limited, however, by the right of the master to presume, in the absence of knowledge to the contrary, that the servant has the knowledge, discretion and experience of the average servant of his age and intelligence.

It is the duty of the servant to obey and follow the instructions and orders as to his duty given him by the master or his authorized agent.

The servant assumes the ordinary and usual risks of his employment, whatever they may be, and also those risks, whether patent or latent, which are within his knowledge.

It is the duty of the servant in dangerous or other employment to exercise reasonable care and diligence to avoid accident. Such care and diligence must be greater or less, according to the danger in each case.

You should apply these rules relating to master and servant in determining this case.

The case seems to us to lie in a narrow compass. The loss of the arm was caused by the attempt of Chielinsky to put the belt on the line shaft. The sharp question for you to decide is, Was Chielinsky on the 13th of December, 1892, on those stringers putting on the belt in the exercise and proper discharge of his duty, or was he there of his own motion and out of the line of his duty and instruction.

We understand it is conceded that the putting on of the belt

of the line shaft was dangerous work for a boy of his age and experience.

If Chielinsky climbed up on those stringers that day and tried to put the belt on in pursuance of the instruction or with the knowledge and consent of the company, and without knowing the danger to which he exposed himself, the company was negligent and the plaintiff is entitled to recover.   And this would be so even if the company had previously instructed him not to go there, if afterwards they had permitted or induced him to go by permitting him or other like boys to do that work.

Under the decisions of this State, even if Chielinsky was guilty of some negligence, yet if the defendant was guilty of the negligence which was the proximate cause of the injury, still Chielinsky would be entitled to recover.

If, on the other hand, Chielinsky attempted to put on the belt of his own motion, out of the line of his employment, without the order or the consent of the Company, he cannot recover.   In that case, he took the risk and must take the consequences of his own act.

The negligence of the defendant is the ground of the plaintiff's right to recover, and the burden is on the plaintiff to prove such negligence, to your satisfaction, by a preponderance of the evidence.

The question of concurrent negligence which has been raised by the plaintiff, we do not think applies to this case, as it is manifest that the injury resulted from putting on the belt ; and therefore deem it unnecessary to make any decision upon this point.

The law is well settled.   This is mainly a question of fact, under the law as we have stated it to you, to be determined by you upon the evidence of which you are the exclusive judges.

Your verdict must be founded upon the evidence ; where it is conflicting, you should reconcile it if you can.   If you cannot do so, then you should give credit to those witnesses who from their means of knowing, from their intelligence and their apparent fairness upon the stand, are most entitled to belief.

If you should find for the plaintiff, he is entitled to recover
for his pain and suffering and for all permanent injuries sustained
by him by reason of his accident.

The amount of damages, should you find for the plaintiff,
should be a reasonable compensation, for the injury he has sustained,
in your discretion.

Verdict for plaintiff for $4500.00.