MARTHA J. MOOERS v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

May 28, 1900.

Nos. 12,044—(141).

### Railway—Closing Farm Gates.

Where a farm crossing over a railroad leads from a highway to private lands on the opposite side of the track, and the railroad company have closed and latched the gates from the highway a short time before injury to stock by one of its trains, as under the facts in this case, it cannot be held that it is liable for such injury.

### Same—Ordinary Care Required of Others than Company.

Where a railroad company has put in gates at a farm crossing in the country, it is not required to station a guard at such crossing to keep the gates closed. Between the company and other parties also interested in keeping the gates shut the obligation to keep the same properly closed is mutual, and demands the exercise of ordinary care from each.

Action in the district court for Crow Wing county to recover $300 damages for injury to mules. The case was tried before Holland, J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*J. N. True,* for appellant.

*C. W. Bunn* and *L. T. Chamberlain,* for respondent.

LOVELY, J.

A span of mules strayed through an open gate upon defendant's right of way, and were run upon and injured by an engine and train, for which damages are demanded in this action. At the close of the evidence a verdict was ordered for the defendant, and a new trial upon a settled case was refused, from which order the plaintiff appeals to this court.

Plaintiff owned a farm near the place of the accident. A public highway passed by the same, and between that highway and another portion of plaintiff's farm is the railroad right of way. Between the public highway and the pasture of plaintiff opposite the

[1] Reported in 82 N. W. 1085.

highway, on either side of the right of way, defendant was main-taining the proper and suitable fences required by law (G. S. 1894, § 2692), with the qualification that it had constructed a farm cross-ing over the track, placing therein gates, which it permitted plain-tiff and the public in that neighborhood to use for their convenience. For some time previous to the date of the accident, a suitable wood-en latch had been maintained on the highway gates by defendant. The afternoon before the mules were killed this latch was broken; on the following morning defendant's section men repaired it by substituting a sufficient iron latch, left it in good condition for use and securely fastened. Between the time when the gate was re-paired and the time when the mules were killed—about three hours —the gate was left open by some unknown person. The mules, which had escaped from plaintiff and were at large, passed through the gates, and went upon the railroad right of way.

The evidence shows that the train which ran upon the mules con-sisted of an engine, six cars, and a tender loaded with soldiers going to Leach Lake, running at the rate of a mile a minute. When the engineer saw the mules they were not upon the track. He states, and this is the only evidence on the subject, that he was desirous of passing them before they would get frightened, and possibly run upon the track; that he saw no indications that they would do so until he was within one hundred feet of them, when they started towards the track. He then put on air, and made an effort to stop the train, but, discovering that it was impossible to do so before striking the mules, for the necessary safety of the train he put on steam, and went ahead. A collision occurred. One of the mules was killed, and another seriously injured.

It seems very clear that it cannot be held that the engineer did not use proper care in running his train after discovering the possi-bility of a collision, and it only remains to be considered whether, upon the facts stated above, the defendant was negligent in not keeping the gates through which the mules strayed closed.

It has recently been held by this court in Swanson v. Chicago, M. & St. P. Ry. Co., 79 Minn. 398, 82 N. W. 670, that where fences and gates are constructed by the railway company upon the private

property of the landowner for his convenience, it is his duty, rather than of the company, to keep them closed, and the statutory duty to keep and maintain fences to guard against incursions of stock upon the right of way is complied with by the company if it maintains such gates in good repair. The case at bar differs from the case cited in the fact that the gates between the highway and the right of way in this case are not wholly upon the private property of plaintiff, and undoubtedly such condition should modify the application of that authority in this case, and to what extent is one of the questions we are now required to determine.

It does not seem just or reasonable, where a railroad company puts in gates at a farm crossing for the convenience of others, that it should be required to assume as an additional burden the absolute duty of keeping them closed at all times. Such a rule would impose a hardship upon the company for its disposition to confer a benefit on the landowner, and would deprive the latter of any concession from the former. As in the Swanson case, we can easily see that where the railway company has provided proper and suitable gates, it should keep the same in repair; but, when the persons for whose convenience the gates are maintained accept a privilege or license to use such gates to cross the track for their own benefit, they must be held to concur in a fair share of the responsibility of keeping the same closed; and while we adhere to the rule in the Swanson case, that such gates are a part of the statutory fence, we hold that the burden of the statute cannot be held to apply with absolute rigor or strictness in a case where the farm crossing extends from private lands over the track to a public highway. In view of the hazards and dangers which the defendant would suffer from incursions of stock upon its right of way as well as in respect to the stock of adjoining landowners, the railroad company as well as the landowner must not be negligent in keeping the gates put in under such circumstances closed; and we know no other safe rule of duty applicable in such cases than the usual one requiring ordinary care from the railroad company and all parties interested to accomplish that purpose, instead of imposing the absolute duty

on the railroad company of maintaining a guard at all times at such gate to see that it is not left open.

We think the facts shown by the uncontradicted evidence, that but a short time before the accident happened the section boss and his men repaired the gates and shut them, in the absence of any knowledge on the part of the servants of defendant that they were again opened, sufficiently establish, under the circumstances of this case, that the defendant had performed its duty to keep the same closed.

Order affirmed.