EMIL STROBECK v. FRANK BREN and Another.[1]

December 16, 1904.

Nos. 14,031—(122).

**Negligence—Proximate Cause.**

The proximate cause of an injury, within the meaning of the law of negligence, is such cause as operates to produce particular consequences without the intervention of any independent or unforeseen cause or event, without which the injury could not have occurred—such consequences as might reasonably have been anticipated as likely to occur from the alleged negligent act.

**Failure to Keep Gate Closed.**

The right of way of a railway company extended through the land of defendants.  The railway company, in compliance with the statutes on the subject, fenced its right of way, and, at the instance and for the convenience of defendants, placed gates therein to enable them to pass to and from the tracts of land situated on each side of the right of way. Plaintiff occupied land adjoining defendants', between which there was a good and sufficient fence maintained by defendants.  A heavy windstorm blew down a tree standing near that fence, which fell upon and broke it down.  Plaintiff's cattle, which were pastured on the land so adjoining defendants', passed through the line fence where, it was so broken down by the tree, from thence through the gate in the right-of-way fence, which defendants had left open, onto the right of way of the railway company, and were killed by a train of cars.  *Held*, that the failure of defendants to keep the gate of the right of way fence closed was not the proximate cause of the injury complained of, and no recovery can be had against them.

[1] Reported in 101 N. W. 795.

Appeal by plaintiff from an order of the district court for Hennepin county, Brooks, J., sustaining a demurrer to the complaint. Affirmed.

*R. L. Penney,* for appellant.

Section 2695, G. S. 1894, provides that, "Any company or corporation operating a line of railroad in this state, and which company or corporation has failed or neglected to fence said road * * * and maintain such fences * * * shall hereafter be liable for all damages sustained by any person in consequence of such failure or neglect." This statute was intended for the protection of the public, as well as for the protection of the adjoining landowner. It is a police regulation, adopted as much for the security of passengers as for the protection of property. Gillam v. Sioux City & St. P. R. Co., 26 Minn. 268; Flint v. Lull, 28 Mich. 514; Hayes v. Michigan Cent. R. Co., 111 U. S. 235; International v. Richmond, 28 Tex. Civ. App. 513; Texas v. Childress, 64 Tex. 346. The fact that cattle injured or killed on the railroad track by reason of the insufficiency or lack of such right-of-way fence were trespassing on the land adjoining the right of way, or that they were running at large, will not necessarily defeat a recovery. Gillam v. Sioux City & St. P. R. Co., supra; Chisholm v. Northern Pac. R. Co., 53 Minn. 122; Green v. St. Paul, M. & M. Ry. Co., 60 Minn. 134; Ericson v. Duluth & I. R. Co., 57 Minn. 26; Flint v. Lull, supra; McCall v. Chamberlain, 13 Wis. 713; Browne v. Providence, 12 Gray, 55; Corwin v. New York, 13 N. Y. 42; Western v. Carter, 59 Md. 306; Norris v. Androscoggin, 39 Me. 273.

The adjoining landowner, at whose request and for whose benefit a farm-crossing gate is constructed by the railway company, owes a joint duty with the railway company to the public to keep such gate closed. Swanson v. Chicago, M. & St. P. Ry. Co., 79 Minn. 402; Mooers v. Northern Pac. Ry. Co., 80 Minn. 24.

*Hicks, Carleton & Cross,* for respondent.

Plaintiff's cattle were trespassers upon the land of defendant. The common law, by which every man is bound to keep his cattle on his own land, is in force in this state. Locke v. First Division, 15 Minn. 283 (350). Nor is it material that plaintiff was guilty of no actual

negligence in permitting his cattle to escape from his premises. Note in Tonawanda v. Munger, 49 Am. Dec. 248, 249. In this state the common law above cited has been changed only as to railroad companies which have not fenced their right of way, by making such failure to fence an act of negligence. G. S. 1894, § 2693, et seq.

Leaving open the gate in the right-of-way fence was not the proximate cause of the injury to plaintiff's cattle. Nelson v. Chicago, M. & St. P. Ry. Co., 30 Minn. 74; La Londe v. Peake, 82 Minn. 124.

BROWN, J.

Appeal from an order sustaining a general demurrer to plaintiff's complaint.

The facts alleged in the complaint are, in short, as follows: The right of way of the Chicago, Milwaukee & St. Paul Railway Company extends over and across certain land owned by defendants, and was, some time prior to the injury to plaintiff's cattle here complained of, in compliance with the statutes on the subject, fenced by the company on each side thereof as it extends through such land. At the time the fence was built, and at the request and for the convenience of defendants, the company placed gates therein on each side between the right of way and defendants' land to enable them to pass from the tract on one side to that on the other side of the right of way. The land so owned by defendants is entirely inclosed by a good, substantial fence. Plaintiff occupied as a tenant a tract of land adjoining that of defendants on the north, between which, according to the allegations of the complaint, there existed a good and sufficient line fence, which was maintained by defendants. On the night of July 22, 1903, a large tree standing near this line fence was blown down by a heavy wind and fell upon and broke the fence, by reason of which plaintiff's cows, which were confined on the land so adjoining defendants' premises, passed through onto the land of defendants, and from there through the gate in the right-of-way fence, which defendants had left open, onto the right of way, and were killed by a train of cars. Just when the cows passed through the line fence after it had been broken down —how soon thereafter—the complaint does not allege; but it is alleged that it was defendants' duty to keep the gate in the right-of-way fence closed, and that, by reason of their negligence in that respect, plaintiff's

cows passed through upon the right of way of the railway company and were killed, and that in consequence defendants are liable for their value. Defendants demurred to the complaint on the ground that it failed to state a cause of action, which demurrer the trial court sustained, and plaintiff appealed.

It is insisted by counsel for plaintiff that defendants owed a joint duty with the railway company, for the benefit of the public, to keep the gate in the right-of-way fence closed, and that, having failed to perform that duty, they are liable for all damages resulting from their neglect. Whether this is a correct proposition of law, we need not determine. Neither the case of Swanson v. Chicago, M. & St. P. Ry. Co., 79 Minn. 402, 82 N. W. 670, nor Mooers v. Northern Pac. Ry. Co., 80 Minn. 24, 82 N. W. 1085, is in point. Those cases involved a controversy between the landowner, at whose instance a gate was placed in the right-of-way fence by the railway company, and the company, and what was there said had reference solely to the rights of parties thus situated. The rights of third persons were in no way involved in either case.

But whatever may be the duty of the landowner as to third persons in respect to keeping such gates closed, in the case at bar the failure of defendants to keep them closed was not the proximate cause of the injury to plaintiff's cows, and no recovery can be had against them. The proximate cause of an injury, within the meaning of the law of negligence, is such a cause as operates to produce particular consequences without the intervention of independent or unforeseen causes or events, without which the injury would not have occurred (21 Am. & Eng. Enc. [2d Ed.] 485)—such consequences as might reasonably have been anticipated as likely to occur from the alleged negligent act (Ransier v. Minneapolis & St. L. Ry. Co., 32 Minn. 331, 20 N. W. 332; Christianson v. Chicago, St. P., M. & O. Ry. Co., 67 Minn. 94, 69 N. W. 640).

Defendants' land, as alleged in the complaint, was inclosed by a good and sufficient fence. The line fence between their land and that occupied by plaintiff was blown down by a heavy wind—an event for which defendants were in no manner responsible, and without which no injury to plaintiff's cows would have occurred. There is no allegation that they neglected to repair the fence for an unreasonable length of

time after it had been broken down, nor is it claimed that they were in fault in not maintaining the line fence in good repair. The immediate and direct cause of the injury to plaintiff's cows was the fact that the fence was broken down, making an opening through which they could pass upon defendants' land, and from there onto the right of way. So that, whatever may have been the duty of defendants respecting the gate in the right-of-way fence, the failure to keep that gate closed was not the proximate cause of the injury to the cows. The death of the cows was not produced as a natural consequence, without the intervention of an independent or unforeseen cause or event, by the failure of defendants to keep the right-of-way gate closed.

Order affirmed.