LOUIS W. JOHNSON *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

July 18, 1883.

**Fire Caused by Railroad Train—Negligence—Throwing of Sparks.—** The fact, unexplained, that a very unusual volume of sparks was thrown from a railroad engine, whereby fire was set to adjacent property, *held* to be evidence of negligence; it appearing also that the management of an engine has much to do with the throwing of sparks.

**Same—Statutory Presumption of Negligence—Evidence Insufficient to Rebut.—**A presumption of negligence arising under the statute, and the burden being upon the defendant to show carefulness in the management of the engine, the testimony alone of the engineer that he "handled the engine very carefully," but "not any differently from what I [he] generally did," *held*, not such proof of carefulness, under the circumstances, as to compel a conclusion by the jury that there was no negligence.

**Same—Injury held not Remote.—**The fire was first set to the property of one Niskern, thence to a neighboring barn, and thence to the property of plaintiff, about 60 feet from the point where the fire was first set. *Held*, that the injury was not remote, as a matter of law.

**Same — Negligence of Neighboring Land-Owner held a Concurrent and not Intervening Cause.—***Held, also*, that the negligence of Niskern, in leaving combustible matter exposed to the danger of fire from the railroad, was not an intervening cause, interrupting the legal relation of cause and effect as between the negligence of the defendant and the burning of plaintiff's property, but rather that Niskern's negligence was concurrent with that of the defendant, either one of the wrong-doers being answerable for the consequences.

**Practice—Continuance.—**Refusal of court to grant a continuance, and rulings upon the reception of evidence, sustained.

**Irrelevant but Harmless Evidence.—**Rule applied, that irrelevant evidence, which could not have affected the result, furnishes no ground for a new trial.

Appeal by defendant from a judgment of the district court for Dakota county, where the action was tried before *McCluer*, J., and a

jury, and defendant's motion for a new trial was denied.   The case
is stated in the opinion.

When the cause was called for trial, defendant made an applica-
tion for a continuance to the next term of court.   This application
was based upon the affidavit of defendant's attorney, which stated,
substantially, that at the time when the fire occurred there was "a
Norwegian girl or woman" employed in the Niskern House as a serv-
ant; that if she were present and examined in court at the trial,
deponent believed that she would testify that, on the evening of the
fire, the hostler employed about the Niskern House and barn was too
intoxicated to be able to attend to his duties properly or prudently;
that said hostler, while so intoxicated and in opposition to her efforts
to dissuade him from so doing, went into the barn, carrying a lighted
lantern and smoking a lighted cigar; that shortly after his so going
into the barn the fire broke out, and that shortly afterward and dur-
ing the progress of the fire, the said hostler was seen in the vicinity
in an apparently anxious and greatly excited and distressed condi-
tion, and in a few days disappeared from Farmington; that ·depo-
nent used all due diligence investigating the cause of the fire, but
had no knowledge or information of the above facts, provable by said
witness alone, till about six days before the calling of the cause for
trial, and had not yet been able to ascertain the woman's name and
residence, but believed that her attendance could be procured for the
next term of court.   The application was denied.

*W. H. Norris* and *D. S. Wegg,* for appellant.

*Wm. Hodgson,* for respondent.

DICKINSON, J.   This action was brought to recover for the burning
of a barn and other property of the plaintiff, which is alleged to have
been caused by fire negligently suffered to escape from a locomotive
of the defendant.   The fire occurred in the village of Farmington.
It commenced either in a pile of corn-stalks, lying in an alley and
against the barn of one Niskern, which stood just outside the depot-
grounds of the defendant, or else it commenced within the barn.   The
wind was very violent, and fire was communicated from Niskern's
burning barn to another barn standing near, and thence to that of
the plaintiff, which stood, perhaps, 60 feet from that of Niskern.   By

the verdict of the jury it is determined that the fire was communicated from defendant's engine No. 45, of which one Driscoll was engineer, to the corn-stalks, and thence to Niskern's barn. This conclusion of facts is well sustained by the evidence.

Special findings of fact were returned by the jury in answer to questions put to them, which are as follows: "*Question.* Was Niskern negligent or careless in placing or leaving the corn-stalks where he did? *Answer.* Yes. *Q.* Was the smoke-stack of that engine furnished with the most approved modern appliances to prevent the escape of fire; and were the smoke-stack and these appliances in good condition? *A.* Yes. *Q.* Was the ash-pan of that engine, and its connections, constructed in the most approved modern style to prevent the escape of fire; and were they in good condition? *A.* Yes. *Q.* Was Driscoll, on November 22, 1879, a competent, skilful, and careful engineer? *A.* Yes. *Q.* Did Driscoll, the engineer, at and before the time of the fire, manage the engine in a careful and prudent manner with respect to the escape of fire from his engine? *A.* No."

One of the two principal questions presented in the case is as to whether the evidence sustains this last special finding, and upon which alone the general verdict against the defendant rests.

It appears that the engine was being operated upon a track about 180 feet from the barn and corn-stalks of Niskern; that the volume of sparks thrown out by an engine, and the height to which they are projected, depend a good deal upon the manner in which the engine is worked; that the harder an engine is worked, the more sparks are discharged and the higher they are thrown. Several witnesses testified to the fact that a very unusual volume of sparks was discharged from the engine on this occasion. We deem this to be evidence of negligence, although not of the most satisfactory or conclusive character in this case; and so it has often been considered in adjudicated cases. *Caswell* v. *Chicago & N. W. Ry. Co.*, 42 Wis. 193, 198; *Henry* v. *Southern Pacific R. Co.*, 50 Cal. 176; *Great Western R. Co.* v. *Haworth*, 39 Ill. 346; *Toledo, etc., Ry. Co.* v. *Maxfield*, 72 Ill. 95, 98.

But of more importance, in our estimation, is this: By force of Gen. St. 1878, *c.* 34, § 60, the defendant was presumed to have been

negligent when it was shown that the injury was caused by fire thrown from the engine; and the burden rested upon the defendant to prove the exercise of such care as the circumstances required. *Karsen* v. *Milwaukee & St. Paul Ry. Co.*, 29 Minn. 12; *Sibilrud* v. *Minneapolis & St. L. Ry. Co.*, Id. 53. We cannot say that the conclusion of the jury, that the evidence did not show such care, is not warranted by the case. The only evidence upon this point, save that which goes to contradict the evidence of an unusual quantity of fire being thrown from the engine, is the testimony of the engineer, who said: "I han-dled the engine very carefully, but I did not operate the engine any differently from what I usually did. * * * I handled the engine with a great deal of care upon that occasion while in Farmington." It was proper for the jury to consider this evidence in connection with the fact that a very high wind was prevailing; that the place was a village, with buildings standing near the railway track, and where the property of many persons would be exposed to danger from the burning of a single building. While the engineer was, as the verdict shows, ordinarily a careful man in his business, it may still be that the care which he *usually* exercised was not such as common prudence appar-ently demanded on this occasion. The fact as to whether proper care was exercised was left to rest only upon the opinion of the engineer. None of the facts as to the manner of operating the engine were pre-sented. The reason or necessity for the discharging of an unusual quantity of sparks (if the fact was so) was not explained. The legis-lature has laid upon the defendant the duty of proving such facts as may be sufficient to exculpate it, for the reason, as we may presume, that the facts are peculiarly within its own knowledge, or within that of its servants. Upon the same ground a similar rule as to the bur-den of proof has been sometimes applied, even without a statute. Since the law and the reason of the law are so, the bare opinion of the engineer that he operated the engine with great care, was not such satisfactory proof of the fact which the defendant was bound to establish as the jury might reasonably require, not merely to rebut the statutory presumption of negligence, but to meet the actual *prima facie* proof of negligence, to which we have before referred. See *Kar-sen* v. *Milwaukee & St. P. Ry. Co., supra.*

It is claimed, however, that the negligence of Niskern forbids a recovery. We assume that the negligence of Niskern, as found by the jury, related not merely to the safety of his own property, but as well to that of his neighbors, so that his conduct would have been actionable negligence as to the plaintiff. This construction of the verdict is most favorable to the views of the defendant, and is, we think, the proper construction to be placed upon it. It may be conceded, also, for the purposes of this case, as a principle of law, that the intervention of an independent, efficient, wrongful cause between the original wrong complained of and the injury ultimately suffered, prevents a recovery for the first tort, and that in such case the remedy is only against him to whose act the consequences are immediately chargeable. This is not such a case. Niskern's part in the transaction was not so much that of an independent cause operating between the wrongful act of the defendant and the result complained of, as it was that of a concurrent wrong-doer, whose negligence contributed with that of the defendant to produce the destruction of the plaintiff's property. The fault of Niskern consisted, not in anything which he did or neglected to do after the fire was thrown from defendant's engine, but that he, disregarding his duty towards his neighbors, had already prepared the means of communicating fire from the railroad engines to their property; and this state of things, for which he was to be blamed, existed when, by defendant's act, the fire was set. Either one of the wrong-doers was responsible, and the concurrent negligence of the other would be no defence. *McMahon* v. *Davidson,* 12 Minn. 232, (357;) *Eaton* v. *Boston & L. R. Co.,* 11 Allen, 500; *Barrett* v. *Third Ave. R. Co.,* 45 N. Y. 628.

The injury was not, as a matter of law, too remote to justify a recovery. The result was such as may well be considered might have been reasonably anticipated. *Griggs* v. *Fleckenstein,* 14 Minn. 62, (81;) *Milwaukee & St. P. Ry. Co.* v. *Kellogg,* 94 U. S. 469; *Pennsylvania R. Co.* v. *Hope,* 80 Pa. St. 373; *Kellogg* v. *Chicago & N. W. Ry. Co.,* 26 Wis. 223.

The denial of the application for a continuance was a proper exercise of the discretion of the court. After a fruitless search of several days to ascertain the name and whereabouts of the person whose tes-

timony was desired, it did not appear probable that she would ever be found, if in fact there was such a person at all. Ten weeks further elapsed after the trial before the motion for a new trial was made, and it does not appear that the witnesses had then been found, or that any new evidence had been discovered.

The court should have granted the motion to strike out the evidence of Darrow and Aiken. It was irrelevant, relating as it did only to the fact of the throwing of the fire by another engine three hours before the setting of the fire to which this action relates. But it is apparent that such evidence cannot have affected the result, in view of the special findings of the jury, which exculpate the defendant from negligence except in respect to the conduct, on the particular occasion, of the engineer of locomotive No. 45. It is hence no cause for a new trial. We find no error in the excluding of evidence.

Judgment affirmed.