## CHICAGO, R. I. & P. RY. CO. v. SUTTON.

(Circuit Court of Appeals, Eighth Circuit.    September 10, 1894.)

### No. 429.

CONCURRENT NEGLIGENCE.

One is liable for an injury caused by the concurring negligence of himself and a third party to the same extent as for one caused entirely by his own negligence.

In Error to the Circuit Court of the United States for the District of Kansas.

This was an action by Fred. Sutton against the Chicago, Rock Island & Pacific Railway Company to recover damages for personal injuries.

W. F. Evans (M. A. Low and J. E. Dolman, on the brief), for plaintiff in error.

Thomas P. Fenlon, Jr. (T. P. Fenlon, on the brief), for defendant in error.

Before BREWER, Circuit Justice, and CALDWELL and SANBORN, Circuit Judges.

SANBORN, Circuit Judge.    On October 23, 1892, while Fred Sutton, the defendant in error, was performing his duties as a brakeman on one of the trains of the Chicago, Burlington & Quincy Railroad Company at a railroad crossing near Reynolds, in the state of Nebraska, an engine and train of cars of the Chicago, Rock Island & Pacific Railway Company, the plaintiff in error, collided with the train of the Burlington Company, and injured him.    He sued the Rock Island Company for damages for this injury, which he alleged was caused by its negligence.    That company denied any negligence on its part, and alleged that the negligence of the Burlington Company caused the injury, and that the defendant in error was guilty of contributory negligence.    There was no evidence of any contributory negligence on the part of the defendant in error upon the trial, and the court, without objection, so charged the jury.    The question whether or not the Rock Island Company was guilty of negligence that was the proximate cause of the injury was submitted to the jury under instructions to which

no objection is made, and the jury found that it was; and returned a verdict for the defendant in error.

Complaint is made of but a single supposed error in the trial of this case. It is in effect that the court below refused to charge the jury that, under a certain statute of the state of Nebraska, the conductor and engineer of the Burlington train were negligent in running it upon the crossing without stopping it as they approached, and that it did charge the jury that these employés were permitted to run the train over the crossing without stopping it if the signals the company there maintained indicated no danger in so crossing. But whether this instruction was right or wrong is entirely immaterial to the decision of this case. The only defenses the Rock Island Company had were that it was not guilty of any negligence that was the proximate cause of the injury, and that the negligence of the defendant in error contributed to it. If the injury was not caused by the negligence of the Rock Island Company, it was entirely immaterial in this suit whose negligence did cause it. If the negligence of the Rock Island Company was the proximate cause of the injury, it was equally immaterial that the negligence of a third party contributed to it. One is liable for an injury caused by the concurring negligence of himself and a third party to the same extent as for one caused entirely by his own negligence. It is no defense for a wrongdoer that a third party shared the guilt of the same wrongful act, nor can he escape liability for the damages he has caused on the ground that the wrongful act of a third party contributed to the injury. In the case at bar it is conceded that the defendant in error was guilty of no contributory negligence. The verdict of the jury established the fact that the negligence of the Rock Island Company was the proximate cause of the injury. That the negligence of the Burlington Company, or of any other third party, contributed to this injury, can in no way affect the result in this action, and hence it is not important to determine whether the charge of the court as to the negligence of the Burlington Company was right or wrong. If it was right it could have done no harm, and if it was wrong it was error without prejudice. Railway Co. v. Cummings, 106 U. S. 700, 702, 1 Sup. Ct. 493; Railway Co. v. Callaghan, 6 C. C. A. 205, 206, 56 Fed. 988; Harriman v. Railway Co., 45 Ohio St. 11, 32, 12 N. E. 451; Lane v. Atlantic Works, 111 Mass. 136; Griffin v. Railroad Co., 148 Mass. 143, 145, 19 N. E. 166; Cayzer v. Taylor, 10 Gray, 274; Elmer v. Locke, 135 Mass. 575; Booth v. Railroad Co., 73 N. Y. 38; Cone v. Railroad Co., 81 N. Y. 206. The judgment must be affirmed, with costs, and it is so ordered.