PACIFIC TELEPHONE & TELEGRAPH CO. v. PARMENTER.

(Circuit Court of Appeals, Ninth Circuit.   May 3, 1909.)

No. 1,640.

1. TELEGRAPHS AND TELEPHONES (§ 15*)—POLES—MAINTENANCE.

Where a telephone company placed its poles, wires, and appurtenances along a county road where the public was accustomed to travel, it was bound to exercise care to maintain them in a reasonably safe condition.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 9; Dec. Dig. § 15.*]

2. NEGLIGENCE (§ 15*)—CONCURRENT OR SUCCESSIVE NEGLIGENCE.

If the concurrent or successive negligence of two persons combined result in an injury to a third person, he may recover of either or both, neither being able to interpose the defense that the prior or concurrent negligence of the other contributed to the injury.

[Ed. Note.—For other cases, see Negligence, Dec. Dig. § 15.*]

3. TELEGRAPHS AND TELEPHONES (§ 15*)—INJURIES—CONCURRENT NEGLIGENCE —JOINT OR SEVERAL LIABILITY.

A telephone company negligently maintained a telephone pole along a county road for 15 years and until the part imbedded in the ground had become decayed. The wire which had been used to strengthen the pole had been cut and not replaced, and as plaintiff was driving along the road a third person cut a tree on adjoining land which fell against the wires, putting a strain on the pole, which broke off at or near the surface of the ground and fell on plaintiff, causing the injuries complained of. Held, that the negligence of the telephone company in maintaining the pole in such condition concurred with the negligence of the person who felled the tree on the wire, within the rule that, where an injury is the result of the concurrent negligence of two or more persons, all are liable jointly or severally for the damage.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 15.*]

4. TELEGRAPHS AND TELEPHONES (§ 20*) — DEFECTIVE POLES — INJURIES TO TRAVELERS—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries to a traveler by the fall of a defective telephone pole maintained along a county road, whether defendant telephone company was negligent in failing to maintain the pole in a safe condition *held* for the jury.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 13; Dec. Dig. § 20.*]

5. NEGLIGENCE (§ 136*)—QUESTION FOR JURY.

Negligence must be submitted to a jury as a question of fact, not only where there is room for difference of opinion between reasonable men as to the existence of the facts from which it is proposed to infer negligence, but also where there is room for such difference as to the inferences which might be drawn from conceded facts.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277–326; Dec. Dig. § 136.*]

6. NEGLIGENCE (§ 136*)—PROXIMATE CAUSE—QUESTION FOR JURY.

Whether negligence, if established, is the proximate cause of an injury, is a question of fact for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 327–332; Dec. Dig. § 136.*]

7. TELEGRAPHS AND TELEPHONES (§ 20*) — DEFECTIVE POLES — INJURIES TO TRAVELERS—INSTRUCTIONS.

Where a tree was felled on certain telephone wires strung along a county road, resulting in a defective telephone pole falling on plaintiff as he was traveling along the road, an instruction that it was for the jury to consider whether the falling of the tree would not have caused the pole to fall and injure plaintiff if it had been a sound timber and defendant had not been negligent in suffering a defective pole to support its wires in the highway, and that, if the pole would have fallen if it had been sound, defendant would not be liable, was proper.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 20.*]

8. TELEGRAPHS AND TELEPHONES (§ 20*)—INJURIES—EFFICIENT CAUSE—INSTRUCTIONS.

In an action for injuries to plaintiff by the falling of a defective telephone pole, caused by the felling of a tree against the wires, an instruction that, if defendant telephone company was negligent, the jury must still find that such negligence was an efficient cause of the injury, to find against defendant, and, if so, defendant would be still liable, though there was another cause of the accident, was proper.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Dec. Dig. § 20.*]

9. TRIAL (§ 133*)—ARGUMENT OF COUNSEL—CURING ERROR—INSTRUCTIONS BY COURT.

Plaintiff was injured by the falling of a defective telephone pole, caused by S. felling a tree against the wires. Plaintiff's counsel in argument stated that the jury should presume that S. had a right to cut the tree, as the law would never presume that a man committed a wrong. *Held*, that an instruction that it was not important whether S. had a right to cut the tree down, but that as a matter of law he had no right to cut the tree in a way to cause injury to the telephone line, cured any error in such statement.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 316; Dec. Dig. § 133.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the Circuit Court of the United States for the Western Division of the Western District of Washington.

This was an action at law brought by the defendant in error against the plaintiff in error to recover damages for injuries sustained by him by reason of the alleged negligence of the plaintiff in error.

The complaint alleged that defendant was a corporation organized and existing under the laws of the state of Oregon, and that it had complied with the laws of the state of Washington; that it was engaged in the business of receiving and transmitting messages by telephone and telegraph, and for that purpose had constructed and maintained a line of telephone and telegraph wires through certain counties of the state of Washington, including one leading along one of the county roads of Lewis county, where plaintiff was doing business; that for the purpose of supporting and maintaining its telegraph wires the defendant had placed large poles in the ground, upon which said wires were supported; that on and prior to the 22d day of July, 1907, the defendant had carelessly and negligently permitted one of its poles so placed in the ground at a point described in the complaint to become so rotten, worn out, and decayed that it had become dangerous and was unsafe, and by reason thereof was liable to break and fall and occasion damage and injury to any person traveling along said road; that the condition of said pole was known to defendant, and by the use of ordinary care and diligence should have been known; that its condition was not known to the plaintiff; that on July 22, 1907, while the plaintiff was lawfully traveling along said road, said telephone pole, by reason of its rotten, decayed, and dilapidated condition, broke, and just as the plaintiff was opposite the same it fell over, on and upon, with great force striking the plaintiff on the head and shoulder, breaking his shoulder bone and dislocating his shoulder, and threw the bones out of place, straining, rupturing, and permanently impairing the ligaments of his right arm and shoulder, thereby disabling the plaintiff for the remainder of his life. The employment of a physician and surgeon to properly treat the injuries sustained by plaintiff was alleged in the complaint, and his inability to perform his ordinary work as farmer and carpenter for a period of 41 days.

The answer of the defendant denied the allegation of the complaint, charging the defendant with negligence.

It appears from the evidence that the plaintiff was traveling along the county road in a one horse rig on his way home from Centralia in the state of Washington. When he reached a point opposite the pole in question, a tree which was being cut by a third party some 600 feet away accidentally fell upon the wires of the defendant's telephone line, causing the wires to bend and sag and putting a strain upon the poles; that the strain pulled over the pole which at the time was opposite to the plaintiff as he was passing along the road. The pole broke off at or near the surface of the ground, and, falling on plaintiff, caused the injuries complained of. The pole was of cedar and was set in place in 1892. The soil in which it was placed was of a gravelly character. The evidence tended to show that the pole was rotten and decayed at the butt. One witness testified that a pole of this character in that ground had an average life of 5 or 6 years; another witness testified that the pole would last from 4 to 10 years. It appeared that the pole stood at an angle in the road, and that a guy wire which held the pole in position had been cut some time before, and no effort had been made on the part of the defendant to replace it.

At the close of the testimony the defendant moved the court to instruct the jury to return a verdict in favor of the defendant on the ground that the primary, efficient, and moving cause of the injury was the falling of the tree, and the pole, whether defective or otherwise, was simply an instrumentality in working the injuries to the plaintiff. The court denied the motion, and the case was submitted to the jury upon the evidence. The jury returned a verdict in favor of the plaintiff in the sum of $3,750 and costs. The case is here upon writ of error.

E. E. Cushman, for plaintiff in error.

Hayden & Langhorne and B. H. Rhodes, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

MORROW, Circuit Judge (after stating the facts as above). It was the duty of the defendant to exercise due care in maintaining its poles, wires, and appurtenances in a reasonably safe condition, having regard to the fact that the poles were placed along the country road where the public was accustomed to travel. Jones on Telegraph and Telephone Companies, § 190.

There was evidence that some of the poles of the size of the one in question, in the ground in which it was placed, would rot off in 5 or 6 years. The pole that fell had been in the ground 15 years. It was ascertained after the accident that it was rotten and liable to fall when subjected to a strain. The pole once had a guy wire to hold it in place, but this wire had been cut and had not been replaced. There was some evidence tending to show that the person who cut the tree which fell against the wire and pulled the pole down was guilty of negligence; but this fact, if established, did not relieve the defendant from liability. The rule is:

"If the concurrent or successive negligence of two persons combined together results in an injury to a third person, he may recover damages of either or both, and neither can interpose the defense that the prior or concurrent negligence of the other contributed to the injury." Thompson on the Law of Negligence, § 75.

In Johnson v. Northwestern Telephone Exch. Co., 48 Minn. 433, 51 N. W. 225, the action was for an injury caused by the falling in a street in Minneapolis of one of the poles of the defendant on which were suspended its line wires, which fall was, as alleged, due to the rotten and unsound condition of the pole (permitted to be so by the defendant's negligence), rendering it of insufficient strength to bear the weight of the wires suspended upon it. For the purpose of sustaining the pole and preventing it from falling, the defendant had extended a guy wire from the top of the pole to a building to which the other end of the wire was attached with the license of the owner of the building. The owner of the building revoked the license and required the removal of the wires from the building. The defendant failed to remove the wires, and thereupon the owner of the building cut them, and the pole, deprived of the stay afforded by the guy wires, broke off near the ground and fell into the street, injuring the plaintiff. At the close of the evidence the trial court directed a verdict for the defendant upon the apparent assumption that between the negligence of the defendant and the injury of the plaintiff there intervened an independent, adequate cause of the injury, to wit, the act of a third person, which it was said was what is termed in law the proximate cause of the injury. The Supreme Court held that it was a case of concurrent negligence, in which case each party guilty of negligence was liable for the result, and that the negligence of each as the proximate cause, for the injury would not have occurred but for that negligence.

The facts of that case are almost identical with the facts of the present case, and the law as there stated is applicable here. The evi-

dence tended to show that the pole that fell was at that time in a rotten and unsafe condition and without the support of a guy wire. The negligence of the defendant in maintaining the pole in that condition was therefore concurrent with the negligence of the person who felled the tree upon the wire. The general principle that, where an injury is the result of the concurring negligence of two or more persons, all are liable jointly or severally for the whole damage, is supported by abundant authority. Shearman & Redfield on Negligence, § 31; Bishop on Noncontract Law, § 573; Marine Ins. Co. v. St. Louis, I. M. & S. R. Co. (C. C.) 41 Fed. 643; C., R. I. & P. Ry. Co. v. Sutton, 63 Fed. 394, 11 C. C. A. 251; Gulf, C. & S. F. R. Co. v. McWhirter, 77 Tex. 356, 14 S. W. 26, 19 Am. St. Rep. 755; Carpenter v. Central Park, N. & E. R. R. Co., 11 Abb. Prac. (N. Y., N. S.) 416; Webster v. Hudson River R. Co., 38 N. Y. 260; Quill v. New York Cent. & H. R. R. Co. (Com. Pl.) 11 N. Y. Supp. 80; Ricker v. Freeman, 50 N. H. 420, 9 Am. Rep. 267; Louisville, N. A. & C. R. Co. v. Lucas, 119 Ind. 583, 21 N. E. 968, 6 L. R. A. 193; Lake v. Milliken, 62 Me. 240, 16 Am. Rep. 456; Johnson v. Chicago, M. & St. P. Ry. Co., 31 Minn. 57, 16 N. W. 488; Campbell v. City of Stillwater, 32 Minn. 308, 20 N. W. 320, 50 Am. Rep. 567; Flaherty v. Minneapolis & St. L. Ry. Co., 39 Minn. 328, 40 N. W. 160, 1 L. R. A. 680, 12 Am. St. Rep. 654; Eaton v. Boston & L. R. Co., 11 Allen (Mass.) 505, 87 Am. Dec. 730; Waller v. M., K. & T. Ry. Co., 59 Mo. App. 410, 1 Mo. App. Rep'r, 56; Hooksett v. Amoskeag Mfg. Co., 44 N. H. 105; Barrett v. Railway Co., 45 N. Y. 628; Booth v. Railroad Co., 73 N. Y. 38, 29 Am. Rep. 97.

Whether the defendant was guilty of negligence in failing to maintain its poles in a safe condition under all the circumstances was a question of fact for the jury. The question of negligence must be submitted to the jury as one of fact, not only where there is room for differences of opinion between reasonable men as to the existence of the facts from which it is proposed to infer negligence, but also where there is room for such difference as to the inferences which might be drawn from conceded facts. Shearman & Redfield on Negligence, § 54.

It was also a question of fact for the jury to determine whether such negligence, if established, was the proximate cause of the injury. As stated by the Supreme Court of the United States in Milwaukee, etc., Railway Co. v. Kellogg, 94 U. S. 469, 474, 24 L. Ed. 256:

"The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it. The primary cause may be the proximate cause of a disaster, though it may operate through successive instruments, as an article at the end of a chain may be moved by a force applied to the other end, that force being the proximate cause of the movement, or as in the oft-cited case of the squib thrown in the market place. Scott v. Shepherd, 2 W. Bl. 892. The question always is, Was there an unbroken connection between the wrongful act and the injury—a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amount-

ing to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances.    *    *    *

"In the nature of things, there is in every transaction a succession of events, more or less dependent upon those preceding, and it is the province of a jury to look at this succession of events or facts, and ascertain whether they are naturally and probably connected with each other by a continuous sequence, or are dissevered by new and independent agencies, and this must be determined in view of the circumstances existing at the time."

The refusals of the court to give certain instructions requested by the defendant are assigned as error. It will not be necessary to review these requested instructions. They related to the degree of care required of the defendant, and the element of negligence entering into its liability in maintaining its line of poles. They instructed the jury that the defendant would not be negligent in assuming and acting on the assumption that no one would fell a tree upon its telephone line so as to break the line or pole; that the verdict should be for the defendant if the jury believed from the evidence that the pole which fell, although old and rotten, was so placed that it would not have fallen into the road and upon the plaintiff but for the tree falling upon the wires of the line. There were also requested instructions relating to the question of proximate and remote cause, and independent and intervening and controlling causes. It is manifest that some of these instructions were not proper and should not have been given. On the other hand, it appears that the court gave such instructions as were proper in view of the evidence in the case. Among other instructions, the court gave the following:

"It is a fact that the cutting down of the tree, the contact of the tree with the wires, precipitated the falling of the pole, and that was therefore a proximate cause of the injury to the plaintiff; it was the efficient cause. But where an injury is suffered and a combination of circumstances has brought about that injury, that occurrence, so that here is more than one efficient cause, and if one of those efficient causes was a wrongful act, then the injured person has a right to claim compensation from that wrongdoer, even though his wrongful act, or his negligence in combination with other acts without which the injury would not have happened, produced the result.

"It will be for the jury to consider in this case whether the falling of the tree would not have caused the pole to fall and injure the plaintiff if the pole had been a sound timber, and if there had been no negligence on the part of the defendant in the case with respect to suffering that pole in a defective condition to support its wires there by the highway.

"If the pole had been sound and safe, as it should have been, and the defendant guilty of no negligence in the matter, and still it would have fallen by reason of the falling of the tree upon the wires, there is no liability on the part of the defendant. If, however, you find that there was negligence on the part of the defendant with respect to that pole, and that the injury would not have happened by reason of the cutting down of the tree—if the defendant had been free from the negligence charged in this complaint—then you will be justified in finding that the negligence of the defendant was a concurring cause which would render the defendant liable for consequential injuries to the plaintiff.

"The jury should take into account all that has been proved by the evidence with respect to the size and weight of the pole and its condition of soundness or unsoundness, the support which it had by being connected in a line with the wires, by the wires, any defect which the evidence shows by reason of the absence of a guy wire, the length of time that had elapsed after the pole

became in that condition, so as to judge of whether there was carelessness or negligence on the part of the defendant; and you are to judge from a consideration of the facts proven whether there was negligence; whether there was that degree of disregard of the conditions of this property which constitutes negligence and the omission of duty on the part of the defendant under all the circumstances. If there is no negligence, there is no liability, and the plaintiff cannot recover.

"If there was negligence, it is still a question of whether that negligence was an efficient cause of the injury; if so, the defendant is liable, notwithstanding that there was another cause."

We think these instructions correctly defined the law applicable to the case.

We have carefully considered the exceptions to the testimony admitted by the court over defendant's objections, and find no error to the prejudice of the defendant. Counsel for plaintiff in his argument to the jury, referring to the tree which fell upon the wires and which appears to have been cut down by one Sewall, said:

"If Mr. Sewall cut that tree down, you are to presume that he had a perfect right to do so. The law will never presume that a man is committing a wrong."

To this statement counsel for the defendant excepted, and requested the court to instruct the jury to disregard it. This the court did in its instruction, when it said:

"It is not important in this case whether Mr. Sewall had a right to cut the tree down; as a matter of law, he had no right to cut the tree down in a way to cause injury to this telephone line."

Whatever error there was in counsel's statement was manifestly cured by this instruction.

Finding no error in the record prejudicial to the defendant, the judgment of the court below is affirmed.