HERMAN H. PATRY v. NORTHERN PACIFIC RAILROAD COMPANY and Others.[1]

May 19, 1911.

Nos. 17,070, 17,071, 17,072, 17,073—(95, 96, 97, 98.)

**Complaint states a cause of action.**

A complaint which alleges that a railway company was negligent in failing to patrol its right of way to prevent and extinguish fires, and in not equipping certain locomotive engines with proper spark arresters, that cer-

[1]Reported in 131 N. W. 462.

tain engineers negligently failed to inspect their engines before taking them
out on the road, and that a section boss was negligent in failing to keep
the right of way clear from combustible matter, which resulted in starting
a fire from sparks from the engines, which destroyed the property of an-
other on adjoining premises, states a cause of action against each defendant.

Action in the district court for Carlton county against defendant
railroad company and the four defendants named in the opinion to
recover $4,737 damages to standing and down timber caused by
defendants' alleged negligence. From orders, Dibell, J., overruling
demurrers to the complaint, of all the defendants except the rail-
road company, they appealed. Affirmed.

*J. A. Sinclair,* for appellants.

*C. R. Magney* and *John Jenswold, Jr.,* for respondent.

Lewis, J.

Defendants Otis, Anderson, and Gilman were locomotive engineers
in the employ of defendant railway company, and each was operat-
ing a locomotive through Carlton county in May, 1910. Defendant
Lundquist was employed as section foreman on that part of the road
which ran through section 4, township 48, range 17, and was charged
with the duty of keeping the right of way clear from all combustible
matter. Plaintiff was the owner of a quantity of logs and timber
located on the east one-half of said section. During the months
of April and May, 1910, a drought existed over the entire coun-
try, including said section 4. The company failed to properly patrol
its right of way, to discover and extinguish fires, and Lundquist
was negligent in the performance of his duties, and allowed grass,
brush, etc., to accumulate along the right of way. The company
negligently omitted to provide and use efficient spark arresters on
the engines, and the defendant engineers failed to make any inspec-
tion of their engines before starting on their respective trips, but
used defective spark arresters, which did not prevent the escape
of sparks. The complaint proceeds as follows:

"That while the defendant company, through its codefendants, the
aforesaid engineers, was on May 14, 1910, operating said locomo-
tive engines as aforesaid, they did carelessly and negligently so work-

and manage and operate the same that they ejected through the respective spark arresters thereon live coals and sparks in such quantities and of such sizes that they dropped down onto the aforesaid combustible material left at different places on said right of way on and adjoining section 4, and did thereby set the same on fire, and in like manner they *negligently, carelessly and unlawfully allowed said fire to spread, and the same did spread and overrun* the aforesaid east half of said section 4, and did burn and destroy the aforesaid timber, both standing and down, and the aforesaid saw logs, to plaintiff's damage in the sum of $4,737. That after said fires had been started the defendants negligently, carelessly, and unlawfully failed to concentrate such help or to adopt such measures as would have been available for its extinguishment."

All of the defendants except the company demurred to the complaint, on the ground that it did not state sufficient facts to constitute a cause of action. This was overruled.

Each one of several persons engaged in the same work owes to the others the duty of exercising due care to avoid injury to them. The liability does not rest on any duty imposed by privity of contract, but grows out of the relation which they have assumed to each other. Griffiths v. Wolfram, 22 Minn. 185; Brower v. Northern Pacific Ry. Co., 109 Minn. 385, 124 N. W. 10, 25 L.R.A.(N.S.) 354; Morey v. Shenango Furnace Co., 112 Minn. 528, 127 N. W. 1134. Conceded in Mayberry v. Northern Pacific Ry. Co., 100 Minn. 79, 110 N. W. 356, 12 L.R.A.(N.S.) 675, where a switchman and an engineer were held liable for injuries to another switchman, all fellow servants. The principle upon which these decisions rest applies to third persons, provided the relation of the parties is such that each is dependent for the safety of person or property upon the exercise of due care by the others.

Chapter 182, p. 198, Laws 1909, requires railroad companies to use upon their engines efficient spark arresters, which must be examined by the engineers before leaving the roundhouse, and they are made responsible for their good condition. The act further provides that the right of way shall be kept clear of all combustible matter, and that during dry seasons at least one patrolman for each mile of

track shall be employed to discover and extinguish fires near the line of road. The relation of the parties is not limited by the rule of respondeat superior. They were required as servants to comply with the law for the benefit of their employer, but they were also personally required to perform those duties for the benefit of the public. Mayberry v. Northern Pacific Ry. Co., supra; Ward v. Pullman, 131 Ky. 142, 114 S. W. 754, 25 L.R.A.(N.S.) 343; Carter v. Atlantic Coast, 84 S. C. 546, 66 S. E. 997.

According to the facts pleaded, all of the defendants contributed to the result, and the negligence of each was concurrent with that of the others. Johnson v. Chicago, M. & St. P. Ry. Co., 31 Minn. 57, 16 N. W. 488; Campbell v. Railway Transfer Co., 95 Minn. 375, 104 N. W. 547; McDowell v. Village of Preston, 104 Minn. 263, 116 N. W. 470, 18 L.R.A.(N.S.) 190.

Plaintiff is entitled to statutory costs in one case only.

Affirmed.