### DAVIS, Agent, v. SCHROEDER.

(Circuit Court of Appeals, Eighth Circuit. June 18, 1923.)

No. 5991.

1. **Railroads ⬡346(7)—Burden on plaintiff to show negligence was proximate cause of injury.**

   Plaintiff, suing railway company for personal injuries because of its negligence in having gate down at crossing, had burden of showing such negligence and that it was proximate cause of the injury.

2. **Negligence ⬡58—Actionable only when consequence should have been foreseen.**

   Negligence is actionable only when injury or loss is proximate result thereof, and to be such it must be natural and probable consequence, which ought to have been foreseen or reasonably anticipated in light of attendant circumstances.

3. **Railroads ⬡337(4)—Leaving gate down at crossing held not proximate cause of injuries in automobile collision.**

   Where railroad gate was negligently left down at night with no light thereon, and one driving automobile at speed of 40 to 60 miles an hour, in violation of ordinance limiting speed to 10 miles an hour, either hit the gate and lost control, or in trying to avoid it lost control and ran into plaintiff's auto about 300 feet from the crossing, the railroad's negligence was not proximate cause of the injury.

4. **Evidence ⬡8—That auto traveling 10 miles an hour can be stopped in short space is matter of common knowledge.**

   It is a matter of common knowledge that auto traveling not over 10 miles an hour can be stopped within a very short space.

5. **Negligence ⬡61(2)—Concurring negligence cannot make remote cause proximate cause.**

   Concurring negligence of third person cannot evolve proximate cause out of that which is a remote cause.

6. **Negligence ⬡136(5)—Verdict properly directed, when there is no substantial evidence of proximate cause.**

   Though ordinarily question of proximate cause is for jury, where there is no substantial evidence on which jury can properly render verdict in favor of party producing it, the court should instruct a verdict.

In Error to the District Court of the United States for the Eastern District of Missouri; Charles B. Faris, Judge.

Action by Harry J. Schroeder against James C. Davis, Agent, etc. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

Homer Hall, of St. Louis, Mo. (N. S. Brown, of St. Louis, Mo., on the brief), for plaintiff in error.

S. T. G. Smith, of St. Louis, Mo., for defendant in error.

Before SANBORN, LEWIS, and KENYON, Circuit Judges.

---

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KENYON, Circuit Judge. The parties for convenience will be designated as in the trial court. Near the intersection of Lindell boulevard and Union avenue, in the city of St. Louis, state of Missouri, the tracks of the Wabash Railway Company cross the boulevard. The railway company maintains and operates there the usual crossing gates for the purpose of warning persons approaching the crossing of the imminence of cars and locomotives. On the night of February 10, 1918, between the hours of 1 and 2 o'clock in the morning, plaintiff, with his brother, was in an automobile approaching the crossing from the east on the north side of the boulevard. There was evidence in the case tending to show that one arm of the gates was lowered, so that it was an obstruction to travel on the street, and that there was no light thereon to warn those approaching. A party named Jones, passing eastward at a high rate of speed, either struck the end of the gate and lost control of his machine, or attempted to avoid the gate, and ran into the automobile in which plaintiff was riding, striking it at a distance east of the gate variously estimated by witnesses as from 300 to 340 feet. Just how the accident occurred is not clearly shown, and much must be left to conjecture. The automobiles were badly damaged. Jones was seriously injured, and plaintiff also suffered injury, for which he asks in this action recovery against the railway company.

The case was originally brought in the circuit court of the city of St. Louis against Edith L. B. Jones, administratrix of the estate of Fred R. L. Jones, deceased, and the Wabash Railway Company, defendants. The petition charged that Jones was guilty of negligence in operating his automobile in violation of law, at such speed as to endanger the life and limb of plaintiff and others, and in violation of an ordinance of the city of St. Louis, which ordinance provided that an automobile should not be propelled at a greater rate of speed than 8 miles per hour in the business portion of the city, or 10 miles per hour in other portions thereof. It is without dispute that such ordinance was in effect at the time of the accident. The case was removed to the United States District Court by the railway company, and later plaintiff dismissed his cause of action as to defendant Edith L. B. Jones, administratrix. December 27, 1918, plaintiff filed an amended petition against the railway company, omitting the allegation of negligence on the part of Jones. Upon the motion later made the Director General of Railroads was substituted as sole defendant in the case. The motion of defendant at the close of the evidence to direct a verdict in its favor was overruled. The jury returned a verdict of $2,500 for plaintiff and judgment was entered by the court for said amount.

A number of questions are raised for review by the assignments of error. We think it unnecessary to consider but one. The crucial and controlling question is: Was the alleged negligence in permitting one arm of defendant's gates at Lindell boulevard to be down, without light or warning thereon, the proximate cause of plaintiff's injury? The answer to this question is decisive of the controversy. There is little use of reviewing the many cases where the question of proximate cause is involved. There are differences in every case, and ofttimes the case turns on a slight difference of facts. The general principles of the law in relation thereto are settled and are not so difficult as is their application to the particular circumstances of each individual case.

[1, 2] This action is founded on the negligence of defendant, as set forth in the petition. The burden was on the plaintiff to show such negligence, and further to show that the same was the proximate cause of the injury to plaintiff. Not all negligence is actionable. It is only so when the injury or the loss is the proximate result thereof. The proximate result must be the natural and probable consequence, which ought to have been foreseen or reasonably anticipated in the light of the attendant circumstances. That is the rule laid down by this and other courts, with some slight variance in the language by which the thought is expressed. We shall content ourselves in a general way with reference to the decisions of this court and the Supreme Court of the United States on this subject. Our work is relieved of present difficulty by the clearly announced doctrines of this court in the past.

In Chicago, St. P., M. & O. Ry. Co. v. Elliott, 55 Fed. 949, 951, 952, 5 C. C. A. 347, 349 (20 L. R. A. 582), this court states the rule as follows:

"An injury that is the natural and probable consequence of an act of negligence is actionable. But an injury that could not have been foreseen or reasonably anticipated as the probable result of the negligence is not actionable, nor is an injury that is not the natural consequence of the negligence complained of, and would not have resulted from it. but for the interposition of some new, independent cause, that could not have been anticipated."

Again in Cole v. German Savings & Loan Soc., 124 Fed. 113, 115, 59 C. C. A. 593, 595 (63 L. R. A. 416), a case well regarded as a leading one, this court said:

"But an injury which could not have been foreseen nor reasonably anticipated as the probable result of an act of negligence is not actionable, if such an act is either the remote cause, or no cause whatever, of the injury. An injury that results from an act of negligence, but that could not have been foreseen or reasonably anticipated as its probable consequence, and that would not have resulted from it, had not the interposition of some new and independent cause interrupted the natural sequence of events, turned aside their course. and produced it, is not actionable. Such an act of negligence is the injury."

In Teis v. Smuggler Mining Co., 158 Fed. 260, 264, 85 C. C. A. 478, 482 (15 L. R. A. [N. S.] 893), Judge Philips reviewed many of the leading cases on the subject of proximate cause and said:

"Whenever this causal connection between the negligent act and the ultimate injury is interrupted by reason of the interposition of some independent force or human agency, acting independently of the first negligent act, but for which the ultimate injury would not have come, the former is the remote and the latter is the proximate cause."

The rule is well expressed in Crane Co. v. Busdieker, 255 Fed. 664, 666, 167 C. C. A. 40, 42:

"An injury or death that is the natural and probable consequence of an act of alleged negligence is actionable. But an injury that could not have been foreseen or reasonably anticipated, by a person of ordinary prudence and intelligence, as the probable result of an act of alleged negligence, is not actionable; nor is an injury or death that is not the natural or probable consequence of the act of alleged negligence, and that would not have resulted

from it, but for the interposition of some new and independent cause that could not have been anticipated."

See, also, United States F. & G. Co. v. Des Moines Nat. Bank, 145 Fed. 273, 74 C. C. A. 553; Armour & Co. v. Harcrow, 217 Fed. 224, 133 C. C. A. 218; City of Memphis, Tenn., v. Board of Directors (D. C.) 231 Fed. 217.

One of the leading cases on this subject is Milwaukee & St. Paul Ry. Co. v. Kellogg, 94 U. S. 469, 475 (24 L. Ed. 256), where that court said:

"The question always is: Was there an unbroken connection between the wrongful act and the injury, a continuous operation? Did the facts constitute a continuous succession of events, so linked together as to make a natural whole, or was there some new and independent cause intervening between the wrong and the injury? It is admitted that the rule is difficult of application. But it is generally held that, in order to warrant a finding that negligence, or an act not amounting to wanton wrong, is the proximate cause of an injury, it must appear that the injury was the natural and probable consequence of the negligence or wrongful act, and that it ought to have been foreseen in the light of the attending circumstances. * * * We do not say that even the natural and probable consequences of a wrongful act or omission are in all cases to be chargeable to the misfeasance or nonfeasance. They are not when there is a sufficient and independent cause operating between the wrong and the injury. In such a case the resort of the sufferer must be to the originator of the intermediate cause. But when there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect, and proximate to it. The inquiry must, therefore, always be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury."

See, also, Insurance Co. v. Boon, 95 U. S. 117, 24 L. Ed. 395; Scheffer v. Railroad Co., 105 U. S. 249, 26 L. Ed. 1070; Atchison, Topeka, & Santa Fé Railway Co. v. Calhoun, 213 U. S. 1, 29 Sup. Ct. 321, 53 L. Ed. 671.

32 Cyc. 745, defines proximate cause as follows:

" * * * That cause which naturally led to and which might have been expected to produce the result; that from which the effect might be expected to follow without the concurrence of any unusual circumstances. * * *"

The test laid down by Wharton on Negligence, 134, as follows, is helpful:

"Supposing that, had it not been for the intervention of a responsible third party, the defendant's negligence would have produced no damage to the plaintiff, is the defendant liable to the plaintiff? This question must be answered in the negative, for the general reason that causal connection between negligence and damage is broken by the interposition of independent responsible human action. I am negligent on a particular subject-matter as to which I am not contractually bound. Another person, moving independently, comes in, and either negligently or maliciously so acts as to make my negligence injurious to a third person. If so, the person so intervening acts as a nonconductor, and insulates my negligence, so that I cannot be sued for the mischief which the person so intervening directly produces. He is the one who is liable to the person injured."

From these citations the clear rule is apparent that an injury that could not have been reasonably anticipated by a person of ordinary prudence and intelligence as the probable result of the act of negligence is not actionable; nor is such injury actionable if it would not

have resulted from the alleged negligence, but for the interposition of some new and independent cause that could not have been reasonably anticipated. Nor is a party required to anticipate violations of law upon the part of his fellow men. As said in Cole v. German Savings & Loan Soc., 124 Fed. 113, 119, 59 C. C. A. 593, 599 (63 L. R. A. 416):

> "The defendant could not foresee or reasonably anticipate, and it was not required to anticipate or to provide for, violations of the law and trespasses upon its property by its fellow citizens. The legal presumption was that this boy, and all boys and men, would obey the law, would refrain from committing trespasses upon the defendant's rights or property, and would discharge their moral and social duties. The defendant had the right to indulge in this presumption, and to calculate the natural and probable result of its acts and omissions upon this supposition. Indeed, it could reckon upon no other; for it is alike impracticable and impossible to predicate and administer the rights and remedies of men upon the theory that their associates and fellows will either violate the laws or disregard their duties."

[3, 4] Tested by the principles of these decisions, this case presents little difficulty. The proximate cause of plaintiff's injury was not the alleged negligence of defendant in permitting the gate to be down, but it was the reckless and unlawful act of Jones in driving an automobile at a rate of speed in violation of the city ordinances. It was a new, efficient, and independent cause, entering between the alleged negligence and the injury, and was not reasonably to have been anticipated. Granting that the railway company was negligent in permitting the arm of the gate to be down, could it be reasonably apprehended or foreseen that a party would approach in an automobile at a speed forbidden by the ordinances of the city, estimated by the witnesses to be from 40 to 60 miles per hour, and so recklessly that he could not stop, and that his car would hit the gate, he lose control, and the car then run into an automobile 300 feet down the street on the opposite side thereof, or that he would approach at such speed that, in trying to avoid the gate, he would lose control of his car and the same run 300 feet along the street, thence striking another car? The question is not one of anticipating what might happen to a person traveling in an automobile at a lawful rate of speed along a public highway. It is a matter of common knowledge that an auto traveling not over 10 miles per hour can be stopped within a very short space. A person approaching this crossing at such speed would have had little difficulty in stopping.

Nor is this case similar to the famous "lighted squib" case, where one by his negligence puts into operation a train of events leading in a continuous sequence to a natural and probable injury. The gate being down did not put into operation any train of events which in a continuous sequence led to this injury. In the case of Cole v. German Savings & Loan Soc., 124 Fed. 113, 59 C. C. A. 593, 63 L. R. A. 416, hereinbefore referred to, the proximate cause was the action of a strange boy wrongfully entering upon the premises and by his act causing the plaintiff's injury. It was held that such act could not have been foreseen nor reasonably anticipated as the result of defendant's act of negligence, because it was a violation of law, and because there was nothing in previous experience, observation, or information to lead

to such an anticipation. Here, instead of the strange boy entering as a factor, the automobile driver, Jones, enters as a violator of the speed ordinance of St. Louis, and there is nothing in previous experience shown in this case, any more than in the case of the strange boy, to hold one to anticipation of such wrongful event. There is apparently no conflict in the evidence here that Jones was driving his car at a rate of speed greatly in excess of the limit provided in the ordinance, or that after striking the arm of the gate the car went 300 to 340 feet before hitting the car occupied by plaintiff. In the original suit brought by plaintiff against Edith Jones, as administratrix, the negligence of Jones in violating the law is alleged.

Clearly there is no chain of causation between the alleged negligence and the injury. The act of Jones, intervener, in the thought expressed by Wharton in language heretofore quoted, insulated defendant's alleged negligence from plaintiff's injury. The only case in this jurisdiction, quoted by defendant in error in his brief, is Chicago, R. I. & P. Ry. Co. v. Sutton, 63 Fed. 394, 11 C. C. A. 251, and that on the theory of concurring negligence. This case is not out of harmony with the other cases we have cited. In that case this court said:

"If the negligence of the Rock Island Company was the proximate cause of the injury, it was equally immaterial that the negligence of a third party contributed to it."

In Cole v. German Savings & Loan Soc., 124 Fed. 113, 117, 59 C. C. A. 593, 597 (63 L. R. A. 416), discussing this very question, this court said:

"In other words, the concurring negligence of another cannot transform an act of negligence which is so remote a cause of an injury that it is not actionable into a cause so proximate that an action can be maintained upon it. It cannot create a liability against one who does not legally cause it, or make an injury the natural and probable result of a prior act of negligence, which was not, or would not have been, such a result in its absence. No act contributes to an injury, in the legal acceptation of that term, unless it is a proximate cause of that injury—unless that injury could and ought to have been foreseen or reasonably anticipated as its probable consequence. The conclusion inevitably follows that the concurring negligence of the trespasser in this case does not answer the primary question which the action presents."

[5] The question of concurrent negligence does not save the situation here for defendant in error. Concurring negligence cannot evolve proximate out of remote cause. Concluding, as we do, that the wrongful act of Jones in driving his car at a reckless rate of speed, in violation of the city ordinance, was the proximate cause of plaintiff's injury, the holding necessarily follows that the court erred in refusing to sustain the motion to instruct a verdict for defendant.

[6] It is insisted that the question of proximate cause was for the jury. Ordinarily this is true, but where there is no substantial evidence upon which a jury can properly render a verdict in favor of the party producing it, the court should instruct a verdict. Cole v. German Savings & Loan Soc., 124 Fed. 113, 59 C. C. A. 593, 63 L. R. A. 416; Teis v. Smuggler Mining Co., 158 Fed. 260, 85 C. C. A. 478, 15 L. R. A. (N. S.) 893; Brady v. Chicago & G. W. Ry. Co., 114 Fed. 100, 52

C. C. A. 48, 57 L. R. A. 712; Goodlander Mill Co. v. Standard Oil Co., 63 Fed. 400, 11 C. C. A. 253, 27 L. R. A. 583. The evidence disclosing, as it does here, that the negligence charged was not the proximate cause of the injury, it was the duty of the court to instruct the jury to return a verdict for the defendant. Our views, as herein expressed, of the question of proximate cause, make unnecessary the consideration of questions raised by the other assignments of error.

The judgment below is reversed, and the cause remanded, with directions to grant a new trial.