## STICKNEY v. LEHIGH VALLEY R. CO.
### No. 11.

Circuit Court of Appeals, Second Circuit.
Nov. 7, 1932.

Kenefick, Cooke, Mitchell, Bass & Letchworth, of Buffalo, N. Y. (William M. Fay and LeGrand F. Kirk, both of Buffalo, N. Y., of counsel), for plaintiff in error.

Avery S. Wright, of Oswego, N. Y., for defendant in error.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

On May 21, 1928, at 6:10 in the morning, appellee's intestate, while motoring across the appellant's railroad tracks at Randall's Crossing, was killed by colliding with its east-bound passenger train. The decedent was proceeding in a northwesterly direction in approaching the crossing. He had an unobstructed view of the tracks toward the west for a distance of 1,200 feet or more. This view increased until within 75 feet of the tracks, when he could have seen 1½ miles. There is a rise of 3½ feet from a distance of 68 feet in approaching the tracks.

The only proof offered by the appellee was the testimony of a nearby farmer, who saw an automobile, thought to be that of the appellee's intestate, passing his barn 450 feet north of the crossing, and this was approximately three minutes before the accident. This witness heard the train whistle, and said it was traveling about 60 miles an hour; that after it passed his barn a farm assistant told him of the accident. He immediately went to the crossing. Another witness heard the crash.

There was some evidence that this crossing was out of repair for several days previous, and workmen were engaged in repairing it, but not at the hour of the accident. The engineer, fireman, and conductor all said that the crossing was in good repair. They said that it was a bright sunny day, and that, on approaching the crossing, the locomotive whistle was sounded. The engineer did not see the deceased until he was about 200 feet from the crossing. The fireman, on the left-hand side of the engine, saw the automobile first when about 50 feet from the crossing. There was no evidence offered by the appellee to show want of care in approaching the crossing by failure to blow a whistle or to ring a bell. The only evidence as to the care exercised is that offered by the appellant, which is to the effect that a sufficient signal of the approach of the train was given. The crossing is protected by a warning signal marked "Railroad." Five feet west of the track is a tall signal operated through a track

connection upon the approach of the train. In this type of signal, a red disc drops down to the center of a white face and a bell rings upon the approach of a train. There was a similar signal on the southeast corner of the crossing. There were no other trains passing, nor automobiles on the highway. There were two tracks at this crossing.

The evidence did not warrant submitting the case to the jury for consideration. No condition of the crossing was shown to have had anything to do with decedent's unfortunate accident. Nothing was shown as to what occurred at the time of the happening of the accident caused by the want of repair of the crossing—this probably because there were no eyewitnesses except the train crew. Under the circumstances, it was error to deny the motion to dismiss the complaint. Chicago, M. & St. Paul Ry. Co. v. Donaldson, 157 F. 821 (C. C. A. 8); Chicago, Milwaukee & St. Paul Ry. Co. v. Coogan, 271 U. S. 472, 46 S. Ct. 564, 70 L. Ed. 1041; B. & O. R. R. Co. v. Groeger, 266 U. S. 521, 45 S. Ct. 169, 69 L. Ed. 419; Davis v. Schroeder, 291 F. 47 (C. C. A. 8).

Judgment reversed.